In Re Estate of George S. Atkinson.
Hansen, et al. *v.* Atkinson, Exrx., Etc.

No. 39603          May 16, 1955          80 So. 2d 12

*Bidwell Adam,* Gulfport; *Albert Sidney Johnston, Jr.,* Biloxi, for appellants.

*Morse & Morse,* Gulfport; *Louis Hengen,* Biloxi, for appellee.

KYLE, J.

This case is before us on appeal by Mrs. Bess E. Hansen and others, surviving children and heirs-at-law of George S. Atkinson, deceased, from a decree of the Chancery Court of Harrison County, dismissing with prejudice their petition to contest the validity of the last will and testament of the deceased, and to set aside a certain deed of conveyance executed by the said George S. Atkinson, to his wife, Mary Courtright Atkinson on February 7, 1950.

The record shows that George S. Atkinson died on May 10, 1952, and that his will was duly admitted to probate in common form on June 17, 1952, and that letters testamentary were issued to Mrs. Mary Courtright Atkinson as executrix of said will on the last named date. The above mentioned deed of conveyance was dated February 7, 1950, and in that deed the grantor conveyed to his wife, Mary Courtright Atkinson, certain real property situated in the City of Biloxi. The will was dated February 19,

1950, and in his will the testator devised and bequeathed to his wife, Mrs. Mary Courtright Atkinson, all of his property, both real and personal, except $1 legacies bequeathed to his four children, Mrs. Edna Pollock, Arthur Atkinson, Mrs. Bess Hansen, and Harold Atkinson.

The original petition contesting the validity of the will was filed on September 8, 1953. After the filing of the defendant's answer, the petitioners obtained permission to file an amended petition, and in their amended petition the petitioners also asked that the deed of conveyance dated February 7, 1950, be set aside and cancelled. The grounds alleged for the contest of the will and for the cancellation of the deed were mental incapacity and undue influence. After the filing of the defendant's answer to the amended petition, an order was entered for a trial of the issue devisavit vel non, and for the appointment of Leslie B. Grant, Circuit Judge, as master in chancery, "to hear and try said cause and the issue devisavit vel non before a jury," at the regular January 1954 term of the Circuit Court of Harrison County. The master was directed to report his findings and the jury verdict to the chancellor for a final decree, as provided by law.

The case was tried by Judge Grant, as master, before a jury at the January 1954 term of the Circuit Court. At the conclusion of all of the evidence, the court instructed the jury to find for the proponent on the issue of undue influence. The case was then submitted to the jury under proper instructions on the issue of mental capacity of the testator to execute the will, and the jury returned a verdict in favor of the will. The master, upon the same evidence, found that the deceased had sufficient mental capacity to execute the deed dated February 7, 1950, and that the deed was a valid deed of conveyance of the property described therein; and upon the basis of the jury's verdict the master found that the will was a valid will. The contestants filed excep-

tions to the master's report, but the chancellor overruled the exceptions and entered a decree confirming the master's report, and dismissing the original and amended petitions of the contestants, and the chancellor admitted the will to probate in solemn form.

Approximately thirty witnesses were examined during the three-day trial of the will contest. No useful purpose would be served by a detailed discussion of the testimony. While the appellants argue that the verdict of the jury on the issue of testamentary capacity was against the overwhelming weight of the evidence, ██ █ we think that the evidence supports the finding of the jury on the issue of mental capacity. ██ █ There was no evidence of undue influence, and the court properly instructed the jury to find for the proponent on that issue.

The record shows that the testator was 89 years of age at the time the will was executed. In the trial of the will contest the attorneys for the proponent conceded that the burden of proof rested upon the proponent to prove that the testator had sufficient mental capacity at the time the will was executed to understand and appreciate the nature of his act. That proof was made by the testimony of the subscribing witnesses and the testimony of several other witnesses, who knew the testator and came in contact with him from time to time during the last years of his life and who were in a position to observe his mental condition during that time.

Much of the testimony offered on behalf of the contestants in support of their contention that the testator did not have sufficient mental capacity to execute the will consisted of a narration of minor incidents scattered over a period of many years which it may be conceded were sufficient to show many of the idiosyncrasies and peculiarities of old age, but which the jury found to be insufficient to show mental incapacity to execute a will.

■■ ■ The first point argued by the appellants' attorneys as ground for reversal of the decree of the lower court is that the court erred in permitting non-expert witnesses for the proponent to testify concerning the testamentary capacity of the testator at the time of the execution of the will. The appellants say that whether the testator had sufficient testamentary capacity to execute a will at the time he executed the will which had been offered for probate was a question of law and of fact for the court and the jury to decide, and that the court erred in permitting such witnesses to testify as to the testator's mental capacity. ■■ ■ But it is well settled by the decisions of our own Court that non-expert witnesses who are in a position to know and observe the facts and circumstances may state their opinion, based on facts, that the testator was of sound mind. Gathings v. Howard, 122 Miss. 355, 84 So. 240; Ward v. Ward, 124 Miss. 697, 87 So. 153; Fortenberry v. Herrington, 188 Miss. 735, 196 So. 232; Blalock et al. v. Magee et al., 205 Miss. 209, 38 So. 2d 708; Hickey v. Anderson et al., 210 Miss. 455, 49 So. 2d 713.

■■■ It is next argued on behalf of the appellants that the court erred in overruling the appellants' objection to the testimony of the proponent, who was permitted to testify as a witness to establish her own claim to the property conveyed to her by the deed and devised to her by the will. But there is no merit in this contention for the reason that the appellants called the appellee to testify as an adverse witness, and in doing so the appellants waived their right to object to her testimony. Waldauer v. Parks, 141 Miss. 617, 106 So. 881; Birchett v. Hundermark, 145 Miss. 683, 110 So. 237.

In the case of Waldauer v. Parks, supra, the Court in its opinion said:

"In placing appellee Parks upon the witness stand and bringing out such testimony, appellant waived his incompetency, as a witness, and appellees upon

their examination of the witness had a right to make any proof by the witness relevant to and which had a tendency to establish the claim of appellees against the estate of appellant's deceased husband. It was not permissible under the law for appellant to use that part of the testimony of appellee Parks which was valuable to her and reject that which was prejudicial. She had to take all or none, and when she chose to take part of his testimony he became competent as to the balance.''

■■■ It is next argued that the testimony of the subscribing witnesses was insufficient to show that the testator declared the instrument which he executed as a will to be his last will and testament. But the record itself provides a clear answer to that contention. Mrs. Nora Frances Watson and Mrs. Annie Young White were the subscribing witnesses to the will; and both witnesses testified that Mr. Atkinson asked them to witness the will and that Mr. Atkinson signed the will in their presence, and that they signed the will in his presence and at his request and in the presence of each other. That evidence, we think, was sufficient to show the due execution and a sufficient publication of the will.

■■■ It is next argued on behalf of the appellants that the master who tried the case before a jury in the circuit court by agreement of the parties erred in instructing the jury to find for the proponent on the issue of undue influence. It is argued (1) that under the order of reference the authority of the master was limited, and that he did not have the authority to instruct the jury to find for the proponent on the question of undue influence; and (2) that the granting of the instruction was improper. But we think there is no merit in either of these contentions. The order of reference to the circuit judge as master was an order entered by agreement of the parties, and in that order it was expressly provided that the master should hear and try the cause

and the issue devisavit vel non before a jury during the regular 1954 term of the circuit court, and that he should report his findings and the jury's verdict to the chancellor for a final decree, as provided by law. It was clearly the purpose and intention of the parties to clothe the master with the powers of a special chancellor for the purpose of trying the issue devisavit vel non before a jury, and the master tried the case. There was no substantial evidence to support a finding that the will had been executed as a result of undue influence brought to bear upon the testator in the making of the will; and there was no error in the action of the court in granting the peremptory instruction in favor of the proponent on the issue of undue influence.

It is next contended that the court erred in granting the proponent's instruction No. 4. It is contended that the instruction failed to state clearly that the burden of proof rested on the proponent to prove her case by a preponderance of the evidence. But we do not think that the criticism made of the instruction is a valid criticism. In the instruction the jury was told that the burden of proof rested upon the proponent. And if there were any doubt as to the meaning of the instruction, that doubt is completely removed by instruction No. 3 and instruction No. 8 granted to the contestants. In instruction No. 3 the jury was told that the burden of proof rested upon the proponent to show the testator's testamentary capacity by a clear preponderance of the evidence, and that the burden never shifted from the proponent to the contestants. In instruction No. 8 the jury was told that the burden of proof rested upon the proponent to show by a preponderance of the evidence that the alleged will was made by the testator at a time when he was of sound and disposing mind. We therefore hold that there was no error in the granting of the proponent's instruction No. 4.

It is next argued that the court erred in refusing to permit Mrs. Bess E. Hansen, one of the contestants, to testify as a witness for the contestants. But this Court has held that an heir, or a devisee or legatee, is disqualified under Section 1690, Code of 1942, to testify as a witness in a will contest. Whitehead v. Kirk, 104 Miss. 776, 61 So. 737, 62 So. 432; 51 L. R. A. (N. S.) 187, Ann. Cas. 1916A, 1051. And in the very recent case of Veazey v. Turnipseed, 219 Miss. 559, 69 So. 2d 379, this Court held that even in a case where a litigant has introduced statements made by an adversary against his own interest, this does not constitute a waiver of the provisions of the statute so as to make the adversary a competent witness. Mrs. Hansen was not a competent witness to testify to establish her own claim to an interest in the estate.

Finally it is argued, as stated above, that the verdict of the jury on the issue of testamentary capacity at the time of the execution of the will was against the overwhelming weight of the evidence. But juries are empaneled in cases of this kind to try issues of fact, and we think that it cannot be said that the verdict of the jury in this case was against the weight of the evidence.

We find no reversible error in the record and the decree of the lower court is therefore affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Holmes* and *Gillespie, JJ.,* concur.