FORD *v.* COMMERCIAL SECURITIES CO., INC.

No. 40995          March 2, 1959          109 So. 2d 352

*Prewitt & Bullard,* Vicksburg; *Satterfield, Shell, Williams & Buford, K. Hayes Callicut,* Jackson, for appellant.

*Young, Daniel & Coker,* Jackson; *Teller, Biedenharn & Rogers,* Vicksburg, for appellee.

ETHRIDGE, J.

Permission was granted appellant to file a bill of review for newly-discovered evidence, but on remand the chancery court refused to hear the bill on its merits, unless appellant first posted a bond in the amount of $25,000, conditioned that he would perform the decree already rendered. Appellant did not ask for a stay of the former decree, and was unable to make such a bond. Under these circumstances, we conclude that the chancery court was in error in refusing to hear the bill of review on its merits without a stay of the former decree and without the stated bond.

This is another in a series of appeals involving litigation between these parties. Like Charles Dickens' famous case of *Jarndyce* v. *Jarndyce,* the litigation between them has continued over a number of years, seven in this instance.

In August 1952 appellee Commercial Securities Company, Inc., filed suit in the Chancery Court of Warren County against appellant, Jack E. Ford, seeking to re-

cover from him the balance due on 28 conditional sales contracts, assigned to Commercial with recourse by Mississippi Motor Company. The final decree in that case, dated January 21, 1953, held that Ford and Clark had been partners in Mississippi Motor Company, and that Ford owed Commercial Securities $17,747.37. On appeal, that decree was affirmed as modified in the amount of $16,544.54. Ford v. Commercial Securities Co., Inc., 220 Miss. 157, 70 So. 2d 525, 72 So. 2d 201 (1954). This chancery decree of January 21, 1953, as modified on appeal, is the one under attack in the present bill of review.

In April 1954 Ford filed a petition for leave to file a bill of review, which was denied. In January 1955 he filed another petition for leave to file a bill of review for newly-discovered evidence, to which was attached a copy of a bill of review and the affidavits of 33 persons concerning the dealings pertinent to these conditional sales contracts. The chancery court denied these two petitions, the causes were consolidated, and, on appeal, this Court held that the trial court should have permitted Ford to file his bill of review. Ford v. Commercial Securities Co., Inc., 223 Miss. 736, 79 So. 2d 253, 80 So. 2d 12 (1955). In that opinion the Court spelled out the area of inquiry in the bill of review, and directed that the cause should proceed with a trial on the merits of the bill of review. This was on April 4, 1955, with the suggestion of error being overruled on May 16, 1955. In the meantime, Commercial Securities in another action against Ford had obtained a chancery decree setting aside certain conveyances of property made by Ford to others, as being in fraud of creditors. That cause, No. 39,596, was appealed by Ford to this Court. A decision has been held in abeyance in that case pending a disposition of Ford's bill of review.

After the judgment of this Court of April 1955 reversed and remanded this action to the chancery court, Ford filed in December 1955 an application for inspec-

tion of certain documents and papers and for a discovery of certain matters. Commercial Securities did not file an answer to the bill of review until April 3, 1957, over two years after the judgment of this Court. On September 5, 1957, Commercial Securities filed a motion to require Ford to post bond before a hearing would be had on the bill of review. The chancery court sustained that motion on September 18, and allowed Ford 30 days within which to post a bond of $25,000 to assure payment of the judgment already rendered for Commercial Securities. The motion to produce certain records was sustained to a limited extent, provided Ford posted the bond.

Ford then filed a motion averring that he was unable to make such a bond, after diligent efforts, and requesting the court to permit him to proceed without making bond and without a stay. The chancery clerk had already refused to approve a bond signed by the two sureties who are also on the supersedeas bond in No. 39,596, but which bond was conditioned on the withdrawal of such sureties from the bond in No. 39,596. A hearing was held on this motion, from which it clearly appeared that Ford had made a substantial effort to obtain a bond as required by the trial court, but was unable to make one. He has insufficient money of his own, and is in poor financial condition. The trial court denied, on February 19, 1958, Ford's motion to proceed without bond and a stay, and allowed him until March 11, 1958, to post the $25,000 bond, in default of which the bill of review would be dismissed. On March 8 Ford filed another motion to proceed without a stay and without posting the $25,000 bond, averring that he was unable to make it after diligent effort, but tendering a bond of $1,000 approved by the chancery clerk to cover the costs and damages arising upon the hearing of the bill of review. On March 10, 1958, the trial court overruled that motion and dismissed the bill of review. This appeal is from that decree.

We have concluded that the chancery court was in error in refusing to hear the bill of review on the merits without a stay of the 1953 decree and without the $25,000 bond. It should have sustained appellant's motion to proceed on the merits without a stay or bond, but with the $1,000 cost bond.

In our 1955 decision, Ford v. Commercial Securities Co., Inc., 223 Miss. 736, 79 So. 2d 253, 80 So. 2d 12, we did not deal with the question of whether a bond for performance and a stay should or could be required by the chancery court before proceeding with the bill of review. That issue was not raised by either side. We granted Ford leave to file his bill of review, and the cause was remanded for a hearing on its merits.

To support the trial court's requirement of a bond, appellee relies particularly on Mississippi Code of 1942, Section 1393: "When a bill of review shall be filed, the chancellor, in term-time or in vacation, may direct the proceedings on the decree sought to be reviewed to be stayed until further order, requiring such security for the performance of the decree as he may think reasonable; but such stay of proceedings shall not be a matter of right; and on disposing of the bill of review, the court may render a decree against the parties to such security as may be proper."

The effect of that statute, we think, is to modify the old equity, common law rule, so as to authorize the chancery court, in its sound discretion, to require a bond rather than actual performance of the decree, before directing a stay of the former judgment. If a stay or superseding of the former judgment is not sought, then no bond to guarantee performance of the earlier decree is necessary or proper. It should be remembered that a bill of review for newly-discovered evidence is not a matter of right, but can be filed only after a petition for leave to file a bill of review for newly-discovered evidence has been filed, and sustained or denied in the sound

discretion of the court. This preliminary screening process applicable to a bill of review for newly-discovered evidence is desirable and necessary. But after the court had permitted such a bill of review to be filed, then, unless the petitioner seeks a stay of the proceedings, the trial court can not require bond to guarantee performance of the earlier judgment as a condition precedent to proceeding with trial of the bill of review on the merits.

We construe Section 1393 to simply state that a stay of the former judgment is not a matter of right, but, in order to obtain a stay, the chancellor in his sound discretion may require security rather than actual performance of the earlier decree. Cf. Griffith, Mississippi Chancery Practice (2d ed. 1940), Sec. 640, page 702 note 49. This is essentially the interpretation of a somewhat similar, earlier statute in Denson v. Denson, 33 Miss. 560 (1857). The particular bill of review in that case was for errors apparent on the face of the record, but, applying the statute, we think that the rules with reference to the requirement of a bond precedent to a stay are applicable to both types of bills of review.

In addition, assuming *arguendo* that the chancellor could require in his discretion a bond to assure performance before proceeding, appellant has clearly brought himself within the exception that he is unable to make a bond because of poverty and want of assets. Assuming the charges in appellant's bill to be true, he clearly makes out a case of fraud by appellee in the procurement of the decree. It would be wholly inequitable and unjust to deny a man a right to attack a decree by a bill of review for newly discovered evidence simply because he is poor and can not make a substantial bond. The result of such a rule would be to deny justice to the impecunious and to make it available to the wealthy. We can not accept that interpretation. See 30 C. J. S., Equity, Secs. 641, 648(e) ; 19 Am. Jur., Equity, Sec. 442.

■■ Appellant also assigns as error the ruling of the trial court on his motion for appellee to produce certain records. It sustained that motion to a limited extent. On this appeal from the decree of March 10, 1958, overruling the motion to proceed without bond, and dismissing the proceeding, we do not think that appellant's motion to produce documents is now before the court. ■■ However, we would observe that under Section 1659 and under other powers of the chancery court, appellant is entitled to a full discovery from appelee of all evidence relating to the merits of the bill of review. One major purpose of any judicial proceeding is to ascertain the facts relevant to the issues in the particular action. ■■ Motions of this type should be liberally construed in favor of the applicant, with a sound discretion in the trial court to prevent undue hardship to the parties in possession of the records.

In brief, the decree overruling appellant's motion to proceed without a bond to stay the proceedings and dismissing the cause is reversed, judgment is rendered here sustaining that motion, with the $1,000 cost bond, and the cause is remanded for a full hearing on the bill of review. This matter has been pending for too long a period of time. Perhaps the fault is attributable both to appellant and appellee, but, irrespective of that, the parties should facilitate as expeditiously as possible a final disposition of this bill of review on the merits.

Reversed, judgment rendered sustaining appellant's motion to proceed without a supersedeas bond, but with $1,000 cost bond, and cause remanded.

*Roberds, P. J.,* and *Hall, Arrington* and *Gillespie, JJ.,* concur.