PRATHER, Justice,
for the Court:
This appeal by Patricia Ann Clark seeks to set aside a dismissal of her bill of review for error apparent filed in the Chancery Court of Hancock County for failure to post a bond to secure performance of a former decree. Clark moved ore tenus to strike her request for a stay of execution of the former decree, because of her inability to make the performance bond, and asked the court to proceed on the merits. The trial court dismissed with prejudice the bill of review for failure to post the performance bond without a hearing on the merits. We reverse and remand.
I.
The pleadings of this file reflect a filing on November 12, 1981 of a bill of review for error apparent by Patricia Ann Clark against Mid-State Homes, Inc. and John H. Fox, III. She alleged ownership of real estate in Hancock County about which she filed a former suit against the same defendants on January 23, 1980. In the former proceeding, the defendants in due course filed a demurrer, answer and cross-bill, motion for and decree pro confesso, and a final decree awarding Mid-State $5,000.00 in damages against Clark.
On November 3, 1981, Mid-State sought to enforce the judgment against Clark in her new residence in Florida. This action gave rise to the filing of the current bill of review in Hancock County alleging that none of the pleadings filed subsequent to her original bill had been mailed to or *856 served on her or her attorney and as a result a final decree was secured by fraud, accident, or mistake. Other allegations in the complaint assert a meritorious defense to the cross-bill in the former suit. Clark asked for a stay of proceeding against the defendants in their Florida suit until the bill of review could be heard.
Since Clark had become a non-resident of Mississippi, Mid-State first filed a motion for security for costs. The trial court sustained the motion setting bond for security for costs at $8,000.00 and also permitted Clark to strike her request for stay of the Florida proceeding to collect the $5,000 judgment. Clark complied by filing a bond in the amount ordered insuring payment of court costs in the bill of review suit.
Recognizing that the motion, order, and bond only ordered security for court costs, the defendants filed a motion to vacate, or in the alternative, enlarge the bond to insure the costs of suit as well as performance of the former decree of 1981, under the requirements of section 11-5-119. The trial court then entered an order clarifying the condition of the bond requiring it to include performance of the former decree. The trial court also vacated the surety bond and released the surety company from further liability. Upon failure of Clark to file the performance bond within the stated time, the trial court dismissed the bill of review.
The question raised by this appeal is whether a performance bond in a bill of review suit is necessary or proper when a stay or superseding of the former judgment is not sought.
Mississippi Code Annotated section 11-5-119 (1972) is applicable to the question addressed here:
When a bill of review shall be filed, the chancellor, in term time or in vacation, may direct the proceedings on the decree sought to be reviewed to be stayed until further order, requiring such security for the performance of the decree as he may think reasonable; but such stay of proceedings shall not be a matter of right; and on disposing of the bill of review, the court may render a decree against the parties to such security as may be proper.
This section has been interpretated in our decision in Ford v. Commercial Securities Co. Inc., 236 Miss. 130, 109 So.2d 352 (1959), which controls this question:
The effect of that statute, we think, is to modify the old equity, common-law rule, so as to authorize the chancery court, in its sound discretion, to require a bond rather than actual performance of the decree, before directing a stay of the former judgment. If a stay or superseding of the former judgment is not sought, then no bond to guarantee performance of the earlier decree is necessary or proper....
In the case sub judice the complaint asked for a stay of the Florida proceeding; subsequently the court permitted a striking from the complaint of this request. This action brings this factual situation squarely within our decision in Ford, supra, that a bond is not necessary or proper when a stay is not sought. This rule permits a person who cannot make a substantial bond to have access to the courts; it is a fair and equitable interpretation. Ford v. Commercial Securities Co., supra. Under this statute and case interpretation, the dismissal for failure to file a performance bond was improper.
This case is reversed and the cause remanded for a trial on the merits.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE and SULLIVAN, JJ., concur.
ROBERTSON, J., not participating.