CHARLES A. FISCHER, EXECUTOR, &c., RESPONDENT, v. WILLIAM F. SPIERLING AND AMELIA SPIERLING, APPELLANTS.

Submitted March 24, 1919—Decided June 20, 1919.

1. On the trial of a suit on a bond for a deficiency, evidence is not admissible to show that the amount paid for the property at the foreclosure sale was less than the value of the property.
2. In a suit for damages for false representation, the plaintiff is entitled to receive as damages the amount actually lost by reason of the false representation, which, in this case, was the amount paid for securities which were worthless.

On appeal from the Supreme Court.

For the appellants, *Robert Carey.*

For the respondent, *Randolph Perkins.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought by the executor of Arnoldine Fischer, deceased, against William F. Spierling and Amelia Spierling, his wife. A separate cause of action is exhibited against the respective defendants. The plaintiff has joined them in one suit under the authority of section 6 of the Practice act of 1912.

The case against Mrs. Spierling was that plaintiff's decedent had loaned to her at different times, and in different amounts, the sum of $10,000, and that Mrs. Spierling executed and delivered to decedent as evidence of her indebtedness four separate bonds, each of which was secured by a mortgage on property owned by her. There were prior mortgages upon the property thus pledged which were subsequently foreclosed. At the sales under the foreclosures the mortgaged premises did not produce enough to pay any part.

of the moneys due upon Mrs. Fischer's mortgages, but only enough to satisfy liens which were prior thereto. Mrs. Fischer was a party to the foreclosure suits and was the purchaser at the sheriff's sales. The $10,000 with interest thereon being still wholly due and unpaid, the present plaintiff, as executor, brought this suit upon the four bonds given by Mrs. Spierling to the decedent. On the trial of the case the court directed a verdict in his favor for the full amount of his claim against her. Subsequently, a rule to show cause was allowed, with certain exceptions reserved, and most of the matters in issue between the parties were disposed of on the hearing of that rule. The only matter which was reserved, and which has been argued before us, was the refusal of the trial court to permit Mrs. Spierling to prove that the value of the property covered by the mortgages given to Mrs. Fischer, and purchased by the latter at the sheriff's sale, was much in excess of the price paid at that sale, the excess being sufficiently large to pay off the mortgages of Mrs. Fischer.

The question of the competency of this offered evidence is not an open one. In the case of *Snyder* v. *Blair,* 33 *N. J. Eq.* 208, where a similar contention was put forward on an attempt to enforce a decree for deficiency, it was held that the sum for which the mortgaged premises were sold must, so long as the sale stands, be taken, as between the parties to the suit, as a conclusive test of the value of the mortgaged premises; the price realized at the sale, whether it be more or less than is required to pay the amount adjudged to be due by the decree, being the only known legal standard of value. The same question came before this court in the later case of *Currie* v. *Sisson,* 34 *Id.* 578, and the doctrine of Snyder *v.* Blair was unanimously approved by us.

The judgment against Mrs. Spierling will be affirmed, with costs.

The case against the defendant William F. Spierling was as follows: First, that he sold certain lots to Mrs. Fischer, falsely representing to her that they were free from encum-

brance, although he knew the contrary to be the fact, and that they were subject to a mortgage of $2,105.24; and that Mrs. Fischer was induced to buy them by reason of this false representation. Second, that Spierling induced Mrs. Fischer to purchase two mortgages of $3,000 each by representing to her that they were first liens upon the property covered thereby, although at the time of making the representation he knew that there were prior liens upon the property to the extent of $12,000. Mrs. Fischer paid the mortgage upon the lots purchased by her, and she bought in the premises covered by her two $3,000 mortgages at a sheriff's sale held on the foreclosure of the prior encumbrances.

The court charged the jury with relation to the first of these transactions that the plaintiff was entitled to recover the amount paid by Mrs. Fischer in order to free her land from the lien of the existing encumbrance; the theory upon which the instruction was rested, being that as Spierling had contracted to sell the land to her free from encumbrance, he was in law bound to relieve the land from those which existed at the time of the sale to her.

With relation to the second transaction the court charged the jury that the plaintiff was entitled to recover from Spierling the amount of the purchase-money paid by Mrs. Fischer at the foreclosure sale of the prior encumbrances, amounting, with interest, to something like seventeen thousand dollars.

The correctness of the rule with relation to the damages recoverable upon the first branch of plaintiff's claim against William Spierling is not challenged. It is contended, however, that the court erred with relation to the measure of damages to be awarded upon the other transaction; and we concur with defendant's counsel that this instruction was erroneous. The plaintiff's decedent was induced by the false representation of Spierling to invest $6,000 in securities which were utterly valueless. The effect of this investment was to cause a total loss of these moneys, and the extent of the defendant's obligation was to reimburse her for that loss.

Her subsequent conduct in purchasing at the foreclosure sale of the prior mortgages (a matter in which he had no part) could not increase or decrease the extent of defendant's liability. If the value of the property purchased had been in excess of all the liens upon it, including those held by Mrs. Fischer, that fact would not have operated to reduce Spierling's liability by one penny. It is equally true that if the property had been worth much less than the total amount of the encumbrances on it, and less than the price paid for it by Mrs. Fischer, that fact could not have increased such liability. Her right was to hold him responsible for the loss sustained by her by reason of his false representation. His obligation to her was to reimburse her for the money so lost. The amount of the loss being $6,000, she was entitled to recover that amount, with interest, and nothing more.

For the reason last stated the judgment against William F. Spierling must be reversed, and the record remitted in order that a *venire de novo* may issue.

*For affirmance as to Amelia Spierling*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.

*For reversal*—None.

*For affirmance as to William Spierling*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.