GREGORY *et al. v.* LACY.

(Division B. Jan. 20, 1930.)

[125 So. 722. No. 28337.]

Blair & **Anderson**, of Tupelo, for appellant.

**Boggan & Leake**, of Tupelo, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

W. B. Lacy was plaintiff in the court below and brought this suit against Charles Gregory, Mrs. L. A. Gregory, and Z. O. Gregory, upon a note for two hundred fifty dollars, the price of an automobile purchased from W. B. Lacy by Charles Gregory; Mrs. L. A. Gregory and Z. O. Gregory being joint makers of said note. The title to said car was reserved in the note which provided that it should not be moved out of the state, and that, on default in payment, or breach of any of the conditions contained therein, Lacy should have the right to repossess the car, and that the makers of the note would pay all expenses, including storage in any such proceedings, and would also pay a reasonable attorney's fee. The note was dated February 28, 1923, and was due one year after date. Charles Gregory kept the car until about September 1st, when he moved into the state of Kentucky, whereupon Lacy sent proceedings into Kentucky to have Charles Gregory arrested, and the car was seized in Kentucky and kept in storage. Charles Gregory was returned to Mississippi and gave bond to appear and answer such charge as should be preferred against him, but he left the state and could not be served with process in this suit. The other defendants appeared, and an order was taken dismissing the suit against Charles Gregory and proceeding against the other two defendants. After the car was seized and was being kept in storage, Lacy addressed Mrs. L. A. Gregory and Z. O. Gregory by letter, stating that he could only procure fifty dollars for the car, and that he was willing for them to have whatever bargain there was in the car at that time, and asking for advice or instruction as to what to do. Answering Lacy, the defendants (appellants here) stated that, under the cir-

cumstances, they would advise him not to sell the car. Lacy addressed another letter to them stating that the car was in storage and charges therefor were accruing against him, and that they would have to take some action, else the car would be sold. There seems to have been no reply to this letter.

The record does not show what was done with the car after its seizure in Kentucky. Lacy testified that he did not know what it sold for; that he had been offered fifty dollars for it there, but they would not take his title to the car.

It was agreed that ten per cent was a reasonable attorney's fee on the note.

Z. O. Gregory testified that, prior to the signing of the note, he read it carefully and saw the provisions with reference to taking the car out of the state, and that Lacy agreed that, if the party who employed Charles Gregory saw fit to send him out of the state, he could carry the car with him. No provision was in the note to this effect. He further testified that, after the note was made, and about the time Charles Gregory left the state, he went to Lacy and again agreed that Charles Gregory could carry the car out of the state, which statement Lacy denied.

While proof on this was being offered, the circuit judge ruled that it was not material as the note had already become due and payable before the suit was brought, and at the conclusion of the evidence, there being no proof of any payment, rendered judgment for the amount due with ten per cent attorney's fees.

The appellants contend that the note should be credited with the value of the car at the time of the seizure, and that it was error to give the instruction directing the jury to find for the amount sued for.

We are of opinion that, in view of the fact that the defendants were requested to advise Lacy what steps to take after the seizure of the car, and were given an option to buy the car for fifty dollars, and that, having

refused to do so, they having previously agreed to pay the expense of seizure, and costs incident to such seizure in violation of the contract, and having requested that said car be not sold, said defendants are not now in a position to make this contention, and that the judgment of the court below was correct.

Affirmed.