FEDERAL CREDIT CO. *v.* BOLEWARE.

(Division A. May 30, 1932.)

[142 So. 1. No. 30077½.]

Stevens & Heidelberg, of Hattiesburg, for appellant.

C. P. **Scarborough** and **W. J. Hatten**, both of Sumrall, for appellees.

McGowen, J., delivered the opinion of the court.

Boleware and Dickson executed a conditional sales contract for a motortruck to secure the payments due on installments agreed to be paid on said truck. The installments were for fifty-three dollars and twenty-seven cents, each due monthly.

On July 29, 1930, Boleware and Dickson defaulted in payment and declined to pay further. Thereupon, the truck was repossessed by an agent of the Federal Credit Company, and, on September 4, 1930, the Federal Credit Company advertised the truck for public sale, giving five days' notice and notifying Boleware of said sale by a registered letter, insisting therein that Boleware comply with the contract and pay the balance due on the truck, and called his attention to the fact that secondhand automobiles were likely to be sold for less than their value to the owner.

The record does not show any irregularity in the manner of advertising and conducting the sale, except that the Federal Credit Company became the purchaser, being the highest and best bidder for said truck, bidding therefor, eighty-five dollars, raising a seventy-five dollar bid made by another.

Under the conditional sales contract, the appellant, the Federal Credit Company, had the right, upon default,

to (a) treat the contract as being breached and all rights of the purchaser forfeited, and to retain possession of said property keeping all payments as rental and liquidated damages; (b) to sell said truck at public sale after advertising for five days; and (c) to sell said property at private sale.

The contract further provides for the application of the proceeds of sale, paying first the expense of locating, repossessing, storing, advertising, and selling; second, the application of the remainder on the original indebtedness, and the balance, if any, to be paid to the purchaser.

The appellee, Boleware, offered evidence to the effect that the automobile at the time of the sale was worth more money than it brought at the public sale, and enough more to discharge the indebtedness existing at the time which was in excess of two hundred twenty-dollars.

He also showed by the purchaser that, after the sale, the Federal Credit Company sold the motortruck to a party for three hundred twenty-five dollars. The truck had, by the Federal Credit Company, been repaired, painted, tires placed thereon, and insurance thereon paid, and the value of such additions and improvements is not shown.

Whatever may be the rule in other jurisdictions, it is settled in this state that the legal holder of a conditional sales contract may conduct a sale under the terms of the contract, apply the proceeds thereof as specified in the contract, and, if there be any balance due by the purchaser, may sue in assumpsit for said balance. In the case of McPherson v. Acme Lumber Co., 70 Miss. 649, 12 So. 857, this court said: "The law is well settled, in this state, that the vendor of personal property under a conditional sale, whereby title is reserved in himself until notes evidencing the debt for the purchase price have been paid, may sue in assumpsit on the notes, and at the

same time institute replevin for the recovery of the property, title to which was retained, for the purpose of availing of this security for the payment of the debt.''

It is likewise well settled that this character of conditional sale is security for the debt therein evidenced. Rodgers v. Whitehead, 127 Miss. 21, 89 So. 779; Ross-Meehan Brake Shoe Foundry Co. v. Pascagoula Ice Co. et al., 72 Miss. 608, 18 So. 364; Bankston v. Hill, 134 Miss. 288, 98 So. 689, 37 A. L. R. 88, and Gregory v. Lacy, 156 Miss. 147, 125 So. 722.

If the appellee, Boleware, obtained his verdict on the theory that it was fraudulent for the Federal Credit Company to purchase at this sale when and where it was the highest and best bidder, and by its bid the motor-truck was sold for less than it would otherwise have been sold for, then, in that event, the case is controlled by the case of Dederick v. Wolfe, 68 Miss. 500, 9 So. 350, 24 Am. St. Rep. 282. The only difference in the two cases is that in the Dederick case the sale was advertised for nine days, and the hay press involved therein was sold for twenty-five dollars, and that, in the case at bar, the right so to sell at public sale was specified in the contract itself.

It also seemed to be the idea of the court below that the question of inadequacy of price was some evidence of fraud. In the absence of irregularity in the manner of conducting the public sale provided for in the contract, mere inadequacy of price will not operate to set the sale aside, unless it is so gross as to furnish evidence of fraud, and there must be an inequality so strong, gross, and manifest that it must be impossible to state it to a man of common sense without producing an exclamation at the inequality of it.

The sale in the case at bar was openly and fairly conducted, and furnishes the best evidence of the market value of the thing sold. See Newman v. Meek, 1 Freem.

Ch., page 441; Fischer v. Spierling, 93 N. J. Law, 167, 107 .Atl. 420.

The court having submitted this case to a jury, and a verdict having been rendered in favor of Boleware, it must be reversed. The court should have granted the peremptory instruction requested by the appellant.

A judgment will be rendered here for the amount sued for, with interest.

Reversed, and judgment here for the appellant.