HOME OWNERS LOAN CORPORATION *v.* WIGGINS *et al.*

(Division B.   April 15, 1940.   Suggestion of Error Sustained May 13, 1940.)

[195 So. 339.   No. 34123.]

(Division B. May 13, 1940.)

[196 So. 240. No. 34123.]

Luther Manship, H. G. Hall and J. Thomas Dunn, all of Jackson, for appellant.

William Harold Cox, of Jackson, for appellees.

**McGehee, J.,** delivered the opinion of the court.

Subsequent to the foreclosure in pais of a deed of trust executed by the appellees in favor of A. J. McLaurin, as trustee, for the benefit of the appellant, Home Owners Loan Corporation, this suit was instituted in the circuit court of Hinds County to recover a judgment for the balance then left due on the indebtedness thereby secured. The amount of the bid at the trustee's sale when the appellant became the purchaser of the property involved, after due and legal notice in the manner provided for in the deed of trust and as required by law, was the sum of $1800, which was in excess of 50% of the value of

the property, and which amount, less a reasonable trustee's fee and the other expenses paid by the appellant in connection with the cost of foreclosure, was credited on the indebtedness then in default, amounting to the sum of $3,243.77, leaving a balance of $1,504.57 due on the note sued on, plus a reasonable attorney's fee of not exceeding 10% of the said amount, as contracted for, and for all of which a judgment was demanded.

Appellees filed a plea of the general issue and gave notive thereunder that they would show upon the trial of the case that the property conveyed by their deed of trust and sold by the trustee to the appellant was worth at the time of sale, at a fair cash market value, a sum equal to or in excess of the entire indebtedness then due; and that hence the plaintiff was not entitled to recover a deficiency judgment in any sum whatsoever against them. Over the objections of the plaintiff there was testimony introduced before the jury on that issue, and with the result that the verdict was in favor of the defendants, notwithstanding that there were neither allegations contained in the notice of affirmative defenses which was filed with the general issue plea, nor proof made upon the trial, of such facts as would be sufficient to render the sale fraudulent, so as to entitle the defendants to recoupment for the difference between the price at which the property sold and its reasonable market value at the time of sale. Mere inadequacy of price alone does not render a foreclosure sale fraudulent, even in a court of equity, unless the bid is so low as to shock the conscience of the court. Newman v. Meek, Freem. Ch. 441; Fischer v. Spierling, 93 N. J. L. 167, 107 A. 420; Weyburn v. Watkins, 90 Miss. 728, 44 So. 145; Federal Credit Co. v. Boleware, 163 Miss. 830, 142 So. 1; Wheeler v. Cleveland State Bank, 174 Miss. 542, 164 So. 400; Hardin v. Grenada Bank, 182 Miss. 689, 180 So. 805. And, in the absence of allegations of facts constituting fraud, as well as clear and convincing proof thereof, the price at which property is sold under a foreclosure in pais is the

full measure of credit that the grantors in a deed of trust may legally demand.

We deem it unnecessary to enter into a discussion of the numerous decisions cited in the briefs of counsel, for the reason that it is sufficient to say that an examination of the cases relied upon discloses that they are each distinguishable from the case at bar, both on the issues therein presented, and on the facts involved. None of the decisions of this Court, nor the authorities generally, sustain the view that when a beneficiary in a deed of trust finds it necessary, in the absence of a higher bidder, to become the purchaser at a foreclosure sale in pais, although at a lower bid than the property is actually worth, he is required to credit the full value of the property on the indebtedness held against the same, even though the sale has been unaffected by either actual or legal fraud. When a deed of trust is being foreclosed in pais it is often necessary for the grantors therein to procure the attendance of other bidders at the sale than the beneficiary in order to obtain the benefit of the full value of the property involved as a credit on the indebtedness secured. In this instance the grantors failed to do so, and while complaint is made that the appellant declined to furnish information to interested persons sometime prior to the foreclosure sale as to the amount of indebtedness due, it was neither alleged nor proved that the debtors themselves sought such information, although they had the right under the law and the terms of the deed of trust to sell the property at private sale subject to the rights of the appellant therein. They had ample opportunity to make a sale, or invite bidders to attend the trustee's sale, since they discontinued their payments in January and moved from the premises long before the foreclosure sale during the following September.

Nor does the fact that the proof herein shows that the agent, who was requested to bid for the appellant at the sale here in question, was authorized to start the bidding at only $1,800 plus the expenses, and to raise it to the

full amount of the indebtedness if it should become necessary to do so in the event of competitive bidding, cause the bid of $1,800 to be an invalid or fraudulent one when it became the highest bid because of the absence of other bidders at the sale, since the amount thereof, being 50% or more of the value, does not fall within the rule of condemnation against sales made for prices so grossly inadequate as to shock the conscience of the court, referred to in the cases hereinbefore cited.

The foreclosure proceedings being in all respects regular and sufficient, and the balance due on the indebtedness after crediting the net proceeds of the sale having been clearly established, and the testimony given on behalf of the appellees being incompetent, for reasons hereinbefore stated, on the issue of whether or not the fair market value of the property would be equal to or exceed the amount of the debt at the time it was sold, it follows that the peremptory instruction requested by the appellant in the following form should have been given, to-wit: ''The Court instructs the jury for the plaintiff to find for the plaintiff in the sum of $1504.57 with interest at the rate of 5% per annum from September 2nd, 1938, together with reasonable attorney's fee to be fixed by you not to exceed ten per cent.''

Reversed and remanded.

On Suggestion of Error.

McGowen, J., delivered the opinion of the court on suggestion of error.

In due time the Home Owners Loan Corporation has filed a suggestion of error in this case, and also what it denominates as a motion to correct the judgment of this court.

On April 15th, 1940, this court handed down its opinion in which it held that on the pleadings and evidence the appellant was entitled to the peremptory instruction refused it in the court below for the recovery from the appellees of the sum of $1,504.57, with interest at the

rate of five per cent per annum, from September 2, 1938. The court further held that in addition to the above, the instruction in the court below for the fixing by the jury of a reasonable attorney's fee was proper; and concludes with the words, "reversed and remanded."

In the opinion it was held that the amount of the debt was fully established, and that there was evidence adduced by the appellant as to the amount of a reasonable attorney's fee.

In the suggestion of error filed in this court the appellant offered to remit or waive any right to an attorney's fee in this case, and insisted that this court should have entered a judgment for the amount of its debt, with interest, remanding the case only on the issue of a reasonable attorney's fee to be fixed by the jury.

The appellees filed an objection and reply to the so-called motion to correct the judgment of the court, and insist that the clerk enter the precise judgment indicated by the opinion in the case; that therefore a motion to correct judgment cannot be sustained, because there was no error in calculation, or the like, by the court in its opinion herein; and, therefore, section 755, Code of 1930, has no application. He further insists that this court is without power, under section 3378, Code of 1930, to enter a final judgment here for the debt.

The opinion of the court clearly announced that the court below should have entered a judgment for the amount of the debt, with interest, only submitting to the jury the issue of a reasonable attorney's fee to be assessed by it. On the issue of the debt it was unnecessary for the jury to retire. See Hairston v. Montgomery, 102 Miss. 364, 59 So. 793, Yazoo & Mississippi Valley R. Co. v. Pope, 104 Miss. 339, 61 So. 450. No attorney's fee now being claimed, the judgment of this court should be in favor of the appellant against the appellee for the debt and interest. In substance, the appellee also says that the case should be remanded, in order that he might interpose other defenses. There is no suggestion in the

record of any defense available. All the evidence offered by him in defense of the action in the court below was held by this court to be incompetent. In the response here the appellees offer no satisfactory suggestion that any other defense is available.

The remittitur of the claim for the attorney's fee in this case was filed in due time. The appellee does not now want to accept that remittitur.

In this state of the record we are of the opinion that this court is fully invested with authority to enter such judgment as the court below should have entered—that is, for the amount of the balance due on the note, $1,504.57, with interest, as above stated. Had our attention been called to it, it would have so appeared in the opinion handed down by this court. Since the appellant waives the right to have the jury assess an attorney's fee, there is nothing now pending upon which to order a remand of the case. The remittitur of claim to attorney's fees by the appellant will be permitted, and to that extent the suggestion of error will be sustained and judgment final entered here for the appellant in the amount of the debt, with interest thereon, as above set forth. Instead of remitting a fixed sum, as is the usual practice in this court, the appellant here remits all attorney's fees.

The case of Couret et al. v. Conner et al., 118 Miss. 598, 79 So. 801, is not in point. If a remittitur was intended, as appellees argue, it came too late, after the time allowed under the rules of this court had expired, and judgment had become final by the adjournment of the court in the interim. That is all that was decided by a majority of the court.

Likewise, the case of Crudup v. Roseboom, 125 Miss. 205, 88 So. 497, is not in point for the reason that here a remittitur of attorney's fees is offered in due time; that is, within fifteen days after the rendition of the final judgment—therein lies the difference.

Section 3378, Code of 1930, authorizes us to enter such

judgment as the court below should have entered, and, we think, is ample authority for the procedure here.

To the extent indicated the judgment of this court will be amended, and the suggestion of error sustained insofar as is necessary to accomplish that result. We have treated the motion to correct the judgment as a suggestion of error filed within the time allowed by the rules of this court.

Suggestion of error sustained, and judgment here for appellant.