# Misso *v.* National Bank of Commerce, Memphis, Tennessee

No. 40461 May 13, 1957 95 So. 2d 124

*Jesse P. Stennis,* Macon, for appellant.

*Burgin & Reid,* Columbus; *Denton & Gore,* Marks, for appellee.

McGEHEE, C. J..

This suit was begun by a declaration of the National Bank of Commerce of Memphis, Tennessee, in the Circuit Court of Noxubee County, on a promissory note of the appellant, K. T. Misso, in the amount of $1,966.14, dated June 17, 1953, and payable in two equal annual installments of $983.07 each, due December 15, 1953 and December 15, 1954, respectively, bearing interest at 8

per cent per annum after maturity, and providing for a reasonable attorney's fee if placed in the hands of an attorney for collection.

The note was payable to E. F. Nunn & Company, of Shuqualak, Mississippi; the said payee endorsed the note, for value received, without recourse, to the Merchants and Planters Bank of Macon, Mississippi, and it was thereafter, on June 23, 1953, endorsed by the Merchants and Planters Bank of Macon, Mississippi, to the plaintiff, National Bank of Commerce of Memphis, Tennessee, in due course, for value received, and before maturity as above shown.

It is undisputed that at the time of the endorsement of the said note by E. F. Nunn & Company to the Merchants and Planters Bank at Macon, Mississippi, and also at the time of the endorsement by the said bank to the plaintiff, National Bank of Commerce, Memphis, Tennessee, there was stapled to the said note a purchase order signed by the appellant, K. T. Misso, for one hay baler purchased by Misso from E. F. Nunn & Company. On the reverse side of the said purchase order, there was printed a "warranty and agreement" whereby the seller of the hay baler, E. F. Nunn & Company, stipulated and agreed that "the purchaser agrees to give each item of equipment a fair trial as soon as possible after receiving and within two (2) days after the first use. If it then fails to work properly and prompt notice is given, the Seller will send a man within a reasonable time to put it in order, the Purchaser agreeing to render friendly assistance. If it still fails to work properly and the Purchaser promptly returns it to the Seller at the Seller's place of business, the Seller will refund the amount paid, which shall constitute a settlement in full. * * * ,"

The promissory note to which this warranty and agreement was stapled contains no reference to the purchase order or to the warranty and agreement; and while

it is undisputed that the purchase order for the hay baler and the warranty and agreement endorsed thereon was stapled to the promissory note at the time the same was purchased in due course and for value by the plaintiff before maturity, it is also undisputed that the plaintiff, National Bank of Commerce, had no actual notice of any defect in the equipment purchased by the defendant, K. T. Misso, or that the seller, E. F. Nunn & Company, had at that time been unable to make the equipment work satisfactorily.

It is also undisputed that the purchaser, K. T. Misso, had given the equipment a fair trial, and also that the seller, E. F. Nunn & Company, had failed to make the equipment work satisfactorily after repeated efforts to do so.

The defendant defended the suit on the ground that the plaintiff, National Bank of Commerce, was charged with notice of the warranty and agreement, and was put upon inquiry as to whether or not the warranty had been breached at the time it purchased the note, six days after the date thereof, by reason of the warranty and agreement being stapled to the note at the time the plaintiff purchased the same, even though the note on its face contained no reference to the contemporaneous warranty and agreement, to show that the same was a part of the note, or that the payment of the note was to be conditioned upon the fulfillment of the said warranty and agreement.

The proof disclosed that the agent of the seller had agreed to allow the purchaser the sum of $910 for his smaller hay baler, which he was trading in on the purchase price of the new hay baler, and which hay baler formerly owned by the purchaser had been used by him in the baling of hay for himself and for his neighbors. This credit was disclosed on the face of the purchase

order, leaving the balance of $1,966.14 for which the promissory note herein sued on was given.

The promissory note sued on was an unconditional promise to pay the amount thereof when due, and since the note made no reference to the contemporaneous warranty and agreement, and was purchased by the plaintiff in due course for value before maturity and without actual notice of the breach of the contemporaneous warranty and agreement, the trial court granted a directed verdict in favor of the plaintiff for the amount of the note, interest, and a reasonable attorney's fee, and which attorney's fee was shown by the undisputed proof to be 15% of the amount of principal and interest due. The court denied the counterclaim of the defendant, wherein he sought a recovery of the $910 which he had paid in applying his old hay baler on the purchase price of the one that he bought from E. F. Nunn & Company on June 17, 1953, and which new hay baler he had delivered to the place of business of the seller, E. F. Nunn & Company, after the said seller had after repeated efforts failed to make work satisfactorily.

The appellant, K. T. Misso, on this appeal assigns as error the granting of the peremptory instruction in favor of the plaintiff for the amount sued for on the promissory note, the dismissal of his counterclaim, and the overruling of the defendant's motion for a new trial, it being the contention of the appellant that he was entitled to have the case submitted to the jury on the issue of whether or not under the undisputed proof the plaintiff was charged with notice of the warranty and agreement, and was put upon inquiry as to whether or not such warranty and agreement had been breached by the seller at the time of the purchase of the note by the plaintiff.

In our opinion there was no conflict in the evidence to be passed upon by a jury as to any of the material

facts. The question presented to us is whether or not under the undisputed proof the plaintiff was entitled to a directed verdict in its favor, as a matter of law, or whether the mere fact that attached to the note in question there was a purchase order containing a warranty that would constitute notice to the plaintiff so as to prevent the plaintiff bank from being a holder of the note in due course for value, where the undisputed proof shows that the latter had no actual notice of the warranty and of the breach thereof.

 The trial judge in passing upon the motion of the plaintiff for a peremptory instruction in the course of his ruling emphasized that this warranty and agreement, endorsed on the reverse side of the purchase order which was attached to the promissory note, was not signed by the seller, E. F. Nunn & Company. However, since an offer and acceptance may be expressed by acts as well as by words, as held in the case of Rhyne et al. v. Gammil, 215 Miss. 68, 60 So. 2d 500, and Hastings-Stout Co. v. J. L. Walker & Co., 162 Miss. 275, 139 So. 622, we think that when E. F. Nunn & Company negotiated the note, it thereby signified its consent to the warranty and agreement so as to be bound thereby as between the said company as seller and the said K. T. Misso as purchaser, and the seller would not be heard now to say that it would be relieved of any obligation under the warranty and agreement by the mere fact that it omitted to sign the same; its negotiaion of the paper constituted an acceptance thereof. 12 Am. Jur., Sec. 61, p. 551. See also Hercules Mfg. Co. v. Wallace, 124 Miss. 27, 86 So. 706, and 7 Am. Jur., Sec. 62, p. 820, in which text it is stated: "* * * But construing together simply means that if there are any provisions in one instrument limiting, explaining, or otherwise affecting the provisions of another, they are to be given effect as between the parties themselves and all persons charged with

notice, * * *. This does not mean that the provisons of one instrument are imported bodily into another contrary to the intent of the parties. * * * Again, where the provisions of a contemporaneous written instrument are contradictory and repugnant to a bill or note, they may not be construed together. * * *.''

In 7 Am. Jur., Sec. 110, p. 848, it is said: ''It may be stated as the general rule that wherever a bill of exchange or promissory note contains a reference to some extrinsic contract in such a way as to make it subject to the terms of that contract, as distinguished from a reference importing merely that the extrinsic agreement was the origin of the transaction, or constitutes the consideration of the bill or note, the negotiability of the paper is destroyed.''

In Strand Amusement Co. v. Fox, 205, Ala. 183, 87 So. 332, referred to in 14 A. L. R. 1121, it was stated at p. 1122: ''In short, to destory negotiability, the reference to a collateral contract must show that the obligation to pay is burdened with conditons of that contract.'' And on the next page, ''Where the promise to pay is made 'subject to' some other contract referred to, the authorities seem to be agreed that the obligation is conditional, and the negotiability is destroyed.'' It has been said ''The usual way to condition or make contingent a promise to pay is to use language clearly carrying that intention and purpose, either by direct expression or by reference to some extrinsic contract in such manner as to make the payment of the note subject to the terms and conditions of the contract.''

The appellant also cites 14 A. L. R. 1126 and 1127 to the effect that whenever a bill of exchange or promissory note contains a reference to some extrinsic contract in such a way as to make the bill or note subject to the terms of that contract, the negotiability of the paper is destroyed.

In 7 Am. Jur. Sec. 113, p. 850, it is stated, among other things: ''And the question in each case is, Does the language of the particular instrument modify the promise to pay by subjecting it to the possibility of a condition contained in the instrument referred to? The terms of the instrument referred to are immaterial. The question is whether the terms of the reference are such as to lead to the inference that the instrument referred to contains a conditon qualifying the absolute promise to pay or the amount or time of such payment. The negotiability or non-negotiability must be determined from the fact of the instruments themselves.''

 We think that under our own decisions the negotiability or non-negotiability must be determined from the face of the promissory note or bill of exchange which is being negotiated under the Negotiable Instruments Law, and not from the face of the extrinsic contract or agreements. We think that the action of the trial court was correct under the Mississippi cases of Stevens v. Stanley, 153 Miss. 801, 121 So. 814, 122 So. 755, and Smith v. Ellis, 142 Miss. 444, 107 So. 669.

In the case of Smith v. Ellis, supra, the Court, among other things, said: ''The question therefore is whether knowledge, by the holder of a note negotiable in form, that the note was given in consideration of an executory agreement by the payee, will deprive the holder of his character as a holder in due course. Putting the question differently, Does the holder, with knowledge of such an executory contract take the note subject to the provisions of the contract? *The authorities seem to be in accord in answering this question in the negative.* Knowledge of the consideration of a bill or note is not notice of a subsequent failure of the consideration. Knowledge of the holder that the note was given in consideration of an executory contract by the payee does not deprive the holder of his character as a holder in due course, because of the fact that the payee fails to perform the

contract, provided the holder had no knowledge of the breach prior to his acquisition of the instrument. * * *" (Emphasis ours.)

We think that the facts in the instant case are undisputed that the plaintiff did not have actual notice either of the warranty and agreement endorsed on the reverse side of the purchase order, and also that the plaintiff did not have any knowledge that the warranty and agreement had been breached at the time it purchased the note in question.

As a matter of right and justice, it may be that as between the seller and the purchaser the latter should not be required to pay for this equipment. But we think that under the Negotiable Instruments Law as construed by the decisions of this Court, the plaintiff, National Bank of Commerce, is a holder of the note in due course and for value without notice, and that therefore the judgment appealed from must be affirmed.

Affirmed.

*Hall, Holmes, Arrington* and *Gillespie, JJ.,* concur.