GARNETT *v.* ASSOCIATE DISCOUNT CORPORATION

No. 40686          June 9, 1958          103 So. 2d 368

*A. M. Edwards, Jr., Lenora L. Prather, B. H. Loving,* West Point, for appellant.

*Thompson McClellan,* West Point, for appellee.

McGEHEE, C. J.

On February 26, 1955, the appellant Jack B. Garnett traded his automobile on which he owed a balance of $226.48 to the G. M. A. C., in exchange for a new Ford automobile sold to him by the Bob Arnold Motors, Inc., at Birmingham, Alabama. The appellant received a net credit of $800 for his car on the new Ford automobile, the cash price of which was $2,640. The dealer was to pay to the appellant $1,026.48 for his car by paying off the indebtedness of $226.48 owing by the buyer to the G. M. A. C. and allowing him the net credit of $800 for his old car on the price of the new Ford.

At the time the agreement for the exchange of the automobile was made, late in the afternoon of February 26, 1955, the clerical help at the office of Bob Arnold Motors, Inc., had gone from the office and the appellant Jack B. Garnett signed a conditional sales contract, and also a promissory note, both payable to the order of Bob Arnold Motors, Inc. The appellant testified that at the time he signed the instruments the conditional sales contract specified "17 monthly installments of $65.00 and a final installment of —— Dollars, beginning on 3-26-55''; that he placed his initials JBG immediately over the figure 17 and immediately over the figure $65.00, and which figures and initials were made with pen and ink. Obviously, the 17 payments at $65.00 each would aggregate only $1,105 as the difference between his credit of $800 and the total cash purchase price of the new automobile, and the appellant admittedly authorized the representative of the Bob Arnold Motors, Inc., and his own agent, to fill in the blanks in the conditional sales contract and in the note on the following morning after the two auto-

mobiles had been exchanged between the dealer and the buyer.

The proof on behalf of the dealer, disclosed that the final payment of $1,193.41, which was necessary to make out the deferred balance of $2,298.41, and which figure is also in pen and ink, was in the conditional sales contract at the time the same was signed by the appellant, although it is filled in on a line immediately below the line where the words ''and a final payment of —— Dollars'' appears. Whereas the appellant contends that the figure $1,193.41 was not in either the conditional sales contract or the note at the time he signed them and that he had only agreed to pay 17 installments of $65.00 per month as the difference between the value of the two automobiles involved in the trade or exchange.

At any rate the $800 credit, and the deferred balance of $2,298.41 and the total time price of $3,098.41, including carrying charges, interest and a premium for a life insurance policy on the life of the buyer were inserted in the proper blank places in the conditional sales contract and note on the morning of February 27, 1955, by the use of a typewriter, after the note had been signed by Jack B. Garnett the evening before. The note showed the amount of the deferred balance of $2,298.41, the 17 monthly installments of $65.00 and a final installment of $1,-193.41, beginning on 3-26-55, the figures being identical in amount with those in the conditional sales contract, and both instruments were on the same page of the printed form therefor. The completion of the conditional sales contract, and the filling in of the blanks in the note, was done at the office of the Bob Arnold Motors, Inc., before this negotiable conditional sales contract and note were assigned to the Associates Discount Corporation for value, without notice of the defenses which the defendant Garnett interporsed upon the trial, and before maturity.

■■ ■ We have carefully considered together in conference all of Sections 42, 46, 55, 93, 96, 97, 100, 165, and

166 of the Negotiable Instruments Act in the Code of 1942, together with the case of K. T. Misso v. National Bank of Commerce of Memphis, 231 Miss. 249, 95 So. 2d 124; Jones v. First National Bank of West Point, 170 Miss. 857, 155 So. 173, and the other cases cited in the briefs, in connection with all of the evidence in the case, and we are of the opinion that the two cases above mentioned are controlling herein, and that the trial judge was warranted in granting the directed verdict in favor of the plaintiff, Associates Discount Corporation, the appellee here. ██ ██ There was no substantial evidence offered by the appellant as defendant in the trial court to successfully refute the proof of the plaintiff Associates Discount Corporation, showing that the said corporation was a purchaser for value in due course, and without notice and before maturity of the conditional sales contract and promissory note sued on in this case. The judgment appealed from must therefore be affirmed.

Affirmed.

*Hall, Lee, Holmes* and *Ethridge, JJ.,* concur.