COMMERCIAL CREDIT EQUIPMENT CORPORATION *v.* SMALLEY

No. 43632 January 24, 1966 182 So. 2d 238

*Moore & Jones,* Hattiesburg, for appellant.

No counsel for appellee.

SMITH, J.

This was a suit for a deficiency judgment brought in the Circuit Court of Forrest County by Commercial Credit Equipment Corporation, appellant, as assignee of a conditional sales contract covering the purchase of a tractor, against the purchaser, H. W. Smalley, appellee. The trial resulted in a jury verdict for the plaintiff but in an amount less than that claimed to be due. From the judgment entered pursuant to that verdict, appellant has appealed here.

The decisive facts are not in dispute.

Perry's Tractor Company sold to appellee, H. W. Smalley, a Ford tractor. A conditional sales contract was executed by the seller and buyer providing for payment of the deferred balance of the purchase price over a period of three years.

The instrument sued upon contained an unconditional promise on the part of Smalley, the buyer, to pay to the order of the seller the sum of $2313.15, as the purchase price of the tractor "in its present condition" and contains buyer's express acknowledgment of delivery and acceptance. This instrument was assigned in writing by the seller to appellant for value. It contains no warranty against defects in the tractor nor as to its condition.

Appellee kept the tractor for approximately fifteen and one-half months and admits operating it for 346 hours. Although demand for payment was made upon him from time to time, appellee made no payment upon the deferred balance.

Appellant, as assignee of the contract, repossessed the tractor with the consent of appellee, and proceeded to sell it under a provision in the contract authorizing either public or private sale.

The sale was openly and fairly conducted, after reasonable notice. In addition to public notices, appellee personally was given ten days' written notice of the time, terms and place of sale, by registered United States mail, which he admits having received. He admits that he absented himself from the sale voluntarily.

It is undisputed that the highest, and in fact the only, bid received was in the amount of $1550. The sum due under the contract was admitted to be $2313.15. It was stipulated that $200 was reasonable compensation for the services of appellant's attorneys as contemplated by the contract.

It therefore follows that the amount due and which appellant was entitled to recover was the difference between $2313.15 and $1550 the amount received at the sale, or $763.15, plus $200 as attorneys' fees or a total of $963.15.

Appellee was permitted to testify, ''I would say if they had fixed that lift it didn't bring the value it was worth,'' and also that if the tractor had been in ''operating condition'' it was worth $2200. This testimony was incompetent and should have been excluded upon appellant's objection. Federal Credit Co. v. Boleware, 163 Miss. 830, 142 So. 1 (1932).

■■ ■ The fact that the contract, containing appellee's unconditional promise to pay, indicated that it was given in part payment of the purchase price of a tractor, did not destroy its negotiability nor deprive appellant

of its character of holder for value in due course. If any obligation .was assumed by the seller under the contract as to the soundness of the tractor, or to remedy mechanical defects, and apparently none was, appellant had no knowledge of any such defects prior to its acquisition of the instrument. In fact, the instrument expressly stated that the tractor had been accepted by appellee "in its present condition." Defenses of this character were not available against appellant as a holder in due course for value and without notice. Misso v. National Bank of Commerce, Memphis, Tenn., 231 Miss. 249, 95 So. 2d 124 (1957).

Appellant was entitled to recover, upon the undisputed facts disclosed by the record, the sum of $963.15, and appellant's motion for a directed verdict in that amount should have been sustained.

The judgment of the court below is reversed and judgment is entered here for appellant in the amount of $963.15.

Reversed and judgment here for appellant in the sum of $963.15.

*Ethridge, C. J., and Rodgers, Brady and Robertson, JJ.,* concur.