PRATHER, Justice,
for the Court:
The legality of procedure in a partition sale of real estate is the subject matter of this appeal. The parties, former husband and wife, were owners of the realty. The Chancery Court of Oktibbeha County ordered a public partition sale of their two lots because of inability to partite the property in kind, which sale was held. The appellant, Larry Neal McCormick, appeals from the court’s confirmation of that sale charging that the sale was contrary to the law and the court’s order and was for an inadequate consideration. We affirm the trial court.
I.
A commissioner appointed by the trial court advertised for' sale, within legal hours, at public auction, for cash two lots in Oktibbeha County.
Upon one lot was constructed a dwelling which was subject to two deeds of trust. The first deed of trust, in the approximate amount of $34,000 was assumable only by the parties here. The amount of the second deed of trust is not reflected in the record, although appellee’s brief suggests the amount to be approximately $1,300.
The second lot was vacant and subject to an existing indebtedness of approximately $11,000. An announcement was made at the sale of the encumbrances, but the exact amounts were unknown to the commissioner or parties.
The sale was conducted on the inside of the courthouse at the south front door. Mr. McCormick did not bid for either lot. Mrs. McCormick bought the home for a bid of $5,000 over the balances of the deeds of trust. A third party offered $7,500 for the vacant lot, but withdrew the offer and substituted a bid of $100 when told that he would have to pay off the existing $11,000 indebtedness. The purchase price for both sales was paid by cashier’s check from both bidders.
IIA.
Appellant challenges the procedural conduct of the sale in two aspects: the place of the sale and the acceptance of a check for the purchase price by the commissioner.
Does the commissioner violate the court’s order or the statutes when the sale is conducted on the interior of the front door of the courthouse rather than the exterior when the published notice asserts that the sale would be “at the south front door of the courthouse of Oktibbeha County”?
Mississippi Code section 11-5-93 (1972) controls the conditions for judicial sales of real estate.

*1211
Sales of realty under decrees.

Every sale of real estate ordered by a decree of any court-of chancery shall be made for cash, unless otherwise ordered by the court, and at such place and on such notice as may be directed in the decree; and if direction be not given, at such place and on such notice as is required in case of sales of land under execution at law....
Mississippi Code Annotated section 11-5-95 (1972) also provides that “all property may be sold on such terms and at such time and place as the court may direct.”
The appellant relies upon the case of Jones v. Rogers, 85 Miss. 802, 38 So. 742 (1905), wherein this Court held that statutes fixing the place of sales under execution are mandatory, and not merely directory. The Court in Jones, supra, held that a sale elsewhere than the announced courthouse location was void.
In the case subjudice the published notice set the place of sale at the south front door of the courthouse, and the conduct of the sale was within the interior of the building rather than the exterior.
Factually, these instances are distinguishable. In the case sub judice the order nor legal notice were violated in the location of the sale. Whether the sale were inside or outside the front door of the courthouse is immaterial so long as it was at the front door. The commissioner should have discretion to move inside the building at the front door when conditions warranted in the exercise of common sense. There is no testimony of any person being denied access or an opportunity to participate in the bidding.
We find no error in this assignment.
IIB.
Does the commissioner violate the court order or statutory law when he accepts a cashier’s check in lieu of cash for the bid?
Clearly the statute above cited, Mississippi Code Annotated section 11-5-93 (1972), and the court order both directed a sale for cash.
Additionally, Mississippi Code Annotated section 13-3-169 (1972) provides regarding sales under executions that “(a)ll such sales shall be by auction, to the highest bidder for cash_” The chancellor’s opinion observed that “for many years a check has been an acceptable medium of exchange” and that “very few people carry thousands of dollars of cash on their person.” The commissioner here testified that he always accepted a check, rather than cash.
These statements suggest to us that the prevailing usage of accepting cashier checks for cash, in contradiction of the statute, is being followed. Thus a reevaluation of our interpretation of this statute is in order.
The definition of “cash” in the code section dealing with a judicial sale refers to United States currency, and this has been the recognized medium of payment at judicial sales in the past.
Other jurisdictions are considering cash equivalents, instruments used in the commercial world as representative of value as an acceptable substitute of legal tender. However, our statute states cash to be the medium of exchange.
Upon review of commercial and financial transactions in present usage, this court holds that although a judicial sale order directs only the acceptance of cash, that the acceptance of a cashier’s check in lieu of cash is acceptable if the cashier’s check is in fact converted into cash and honored and no prejudice results from the taking of such cashier’s check in payment.
It is noted that the commissioner did so cash the check and invest the funds pending confirmation of the sale by the court. No prejudice resulted. We, therefore, find no merit in this assignment.
III.
The last assignment of error asserts that the consideration was inadequate. This involves a factual consideration when no fair market value testimony is contained within the record with which to make a comparison. Testimony was offered by one wit *1212 ness, who did not attend the sale, that he would have been willing to pay $55,000 for the home.
The record is vague on the balances of the deeds of trust, but apparently the two existing deeds of trust were $34,000 and $1,300. The bid was for $5,000 in excess of these indebtednesses, or a total bid of $40,-300. Another factor to be considered was that the first deed of trust could only be assumed by the parties here.
As to the second lot, a vacant one, the indebtedness assumed by the purchaser was $11,000, with an additional $100 bid. No lot size or valuation was testified to in the record.
In neither case above discussed can this Court say that the consideration was inadequate based upon this record. Central Financial Services Inc. v. Marshall Spears, 425 So.2d 403 (1983); Federal Credit Co. v. Boleware, 163 Miss. 830, 142 So. (1932).
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, ROBERTSON and SULLIVAN, JJ., concur.