## CH., ST. L., AND N. O. R. R. CO. v. L. F. PROVINE.

1. **BILL OF PARTICULARS.** *Office of. Scope.*
   The office of a bill of particulars is to give the defendant specific information of the cause of action, a detailed statement of which cannot, in many cases, be given in the declarations without great prolixity. It cannot, therefore, be less specific than the declaration, nor include any items not within the scope of the declaration.

2. **SAME.** *Amendment.*
   Where the suit was for the non-delivery of cotton shipped in November, 1879, and in March, 1881, it was error to allow the plaintiff to amend his bill of particulars so as to charge the cotton sued for to have been lost "during the cotton season of 1879–1880."

3. **EVIDENCE.** *Books of account. Entries.*
   To authorize the introduction of books of account as evidence of the facts entered, it must be shown that they have been fairly and honestly kept; that they are the books of the party engaged in the business to which they refer; that the entries were made in the usual course of business at or about the time when the facts entered transpired; that the entries are original and made by a party having knowledge of the facts entered, or that information thereof was communicated to the party by whom the entries were made by some person engaged in the business, whose duty it was to transact the particular business and make report thereof for entry on the books, and such report and entry must be made at the time of the occurrence or before the facts can be supposed to have passed from his recollection.

4. **DECLARATION.** *Proof of allegations.*
   Where the absence of an allegation would render a declaration demurable, then the allegation must be proved as averred, unless its truth is admitted by plea.

5. **CONTRACT OF SHIPMENT.** *Delivery. Slight proof.*
   In suits on contracts of shipment, slight proof of non-delivery is sufficient to put the burden of showing delivery on the defendant, but there must be some proof by the plaintiff.

APPEAL from the Circuit Court of Yalobusha County.

HON. W. S. FEATHERSTON, Judge.

The facts are stated in the opinion.

*W. P. & J. B. Harris,* for the appellant.

The court below erred in allowing the amended bill of particulars to be filed. It embraced shipments of cotton during a period

of twelve months, covering many distinct shipments without speci-
fication of time or name of consignee, or what shipments were
undelivered or deficient.   The books called "blotters" were not
admissible as evidence for want of proof that the entries were made
by persons who had knowledge of the facts entered.   *Chaffe* v. *U.
S.,* 18 Wallace 541; *Brain* v. *Preece,* 11 M. & W. 773; Abbott's
Trial Evidence 320, 321, 322.   The same objection applies to all
the depositions to prove entries in books.   There was no proof of
non-delivery.   The rule of evidence in such cases requires some
evidence of non-delivery.   Hutch. Carriers, § 764; 1 Car. & Payne
110; *Modley* v. *Frink,* 14 Ill. 279; 1 Greenleaf Ev. 189.   The
evidence of the consignee that he did not receive the consignment
is usually required.   Proof of delivery to the carrier is not sufficient.
The defendant below offered no evidence, and it is manifest that
the case made by the plaintiff did not require a defense.

*A. H. Whitfield,* for the appellee.

1. Where there is a custom or usage of goods delivered on the
premises, as the railroad platform at depot, shall be considered
as delivered to the railroad company, that is a good delivery, even
*without notice* to the carrier.   2 Redfield on Railways 142.   The
proof is conclusive that the custom that cotton delivered on the
platform, marked and headed up, was considered as delivered, was
*known* to the appellant and *acted on,* as far back as Gunthorp's
time of service—their *own employee* and *agent.*

2. Common carriers are insurers of goods delivered to them.
*M. & O. R. R. Co.* v. *Weiner,* 49 Miss. 725; Geo. Digest, vol. I,
p. 110.

3. The appellee was bound to deliver the cotton at its destina-
tion.   *V. & M. R. R. Co.* v. *Ragsdale,* 46 Miss. 459.   The com-
pany was bound to deliver goods to consignee, if at the destination
when they arrived, and if not, to hold them a reasonable time
within which consignee could get notice and remove them.   This
is the better rule.   2 Redfield on Railways 156–7 and 165; 32
N. H. 523; 2 Redfield on Railways, 168–171 and 171–175.

4. The cotton blotters were competent, and, of course, defendant's
own books, the register and shipping book were.   *Moody* v. *Roberts,*

19

41 Miss. 74, and see generally the able and exhaustive notes, both English and American, to *Price* v. *Earl of Torrington*, in 1 Smith's L. C., Johnson's American Edition, decidedly the clearest and fullest description of the general subject anywhere to be found.

COOPER, J., delivered the opinion of the court.

This is an action by the appellee to recover from the appellant the value of fourteen bales of cotton delivered to the company at Coffeeville, in this State, to be by it transported to the city of New Orleans, in the State of Louisiana. The declaration contains two counts, one for the non-delivery of thirteen bales shipped on the — day of November, 1879, and the other for the non-delivery of one bale shipped in March, 1880. The defendant pleaded the general issue. During the progress of the trial the plaintiff offered to introduce in evidence certain books which had been kept by him in his business as a merchant for the purpose of establishing thereby, in connection with other evidence, the delivery of the cotton to the defendant. To the admission of these books the defendant interposed two objections, one to their competency as a whole, the other to the introduction of any parts of said book which related to any other time than that at which the cotton sued for was said to have been delivered. To obviate the latter objection, the plaintiff asked and obtained leave to amend his bill of particulars so as to charge the cotton sued for to have been lost during the cotton season of 1879 and 1880. The defendant objected to the amendment on the ground that the bill of particulars as amended would give the defendant no notice of what cotton was sued for. The amendment should not have been permitted. The office of a bill of particulars is to give the defendant specific information of the cause of action, a detailed statement of which cannot in many cases be intelligently given in the declaration without great prolixity. It cannot, therefore, be less specific than the declaration, nor include any items not embraced in the scope of the declaration. The plaintiff by his suit demanded the value of certain cotton shipped in November, 1879, and March, 1880. The bill of particulars should have stated, as

definitely as the plaintiff's information permitted, the dates of the shipments, the marks and weight of the bales, and the names of the persons to whom it had been consigned.  As amended it not only failed to give specific information as to the cotton sued for but enlarges the scope of the very general allegations of the declaration so as to include any loss of any cotton shipped at any time during the year.  The plaintiff sued the defendant for the breach of two contracts, one made in November, 1879, the other in March, 1880; the objection of the defendant was, in effect, a request by him that the plaintiff should be limited in the introduction of evidence to the issue joined.  By the amendment to the bill of particulars the plaintiff obtained the right to recover for the breach of other contracts not named in the pleadings, and on looking to the evidence introduced on the trial, and to the verdict of the jury, it is apparent that a trial was had on the bill of particulars as amended and not on the issue joined, and that a judgment has been rendered which, if supported by the evidence, was in part at least for the breach of other contracts than those sued on.  If the declaration itself had been amended so as to let in the proof subsequently introduced a recovery could not have been had to the extent of the judgment rendered.  Except as to four bales of the cotton referred to in the testimony the plaintiff himself is in great uncertainty.  The substance of his testimony is that he bought and shipped thirteen hundred and twenty-two bales of cotton during the season and received account of sales of only thirteen hundred and eight bales.  This cotton was shipped from time to time, under probably more than one hundred contracts of shipment, in lots of varying numbers, to several different commission houses, and which particular bales were lost (except the four bales marked "A. F. P."), or to whom it was consigned, or when shipped, the plaintiff is not able to say.  He cannot, therefore, prove the breach of any one contract of shipment separated from the whole number.  If the suit had been for the breach of each one of all the contracts of shipment the plaintiff could not have recovered without proof of the breach of one, for the contracts being separate and independent the issues would also have been separate and independent, and before the plaintiff could

have recovered on any one of the issues, he must have established the particular breach put in issue, and evidence of a general shortage on all the shipments would have been incompetent as evidence of a breach of any particular one.

The books offered by the plaintiff consisted of what are called cotton blotters and a cotton shipping book which seems to have been made by copying from the blotters. The blotters contained entries of cotton bought by the plaintiff from his various customers with the weight and price of each bale and the date of its purchase. The cotton so bought was all shipped, as the plaintiff stated, through the defendant, to the city of New Orleans. The entries in these books were made sometimes by one and sometimes by another of his employees; some of these persons were introduced as witnesses and testified that the entries made by them respectively were made in the usual course of business and at or about the time of the occurrences entered, and that the books were fairly and honestly kept; but they also stated that the entries were not always made from their personal knowledge of the facts, but from reports made to them by others, and it does not appear that the persons communicating the facts had personal knowledge of their existence, or that it was their business to transact the business referred to. The rule is that to authorize the introduction of books of account as evidence of the facts entered, it must be shown that they have been fairly and honestly kept, that they are the books of a party engaged in the business to which they refer, that the entries were made in the usual course of business, at or about the time the facts entered transpired, that the entries are original and made by a party having knowledge of the facts entered, or that information thereof was communicated to the party by whom the entries were made by some person engaged in the business whose duty it was to transact the particular business and make report thereof for entry on the books, and such report and entry must be made at the time of the occurrence or before the facts can be supposed to have passed from his recollection. *Price* v. *The Earl of Torrington,* 1 Smith's Leading Cases and notes. The depositions of the witnesses Meyer and Copp should have been excluded on the defendant's

objection.   These witnesses knew nothing of their own personal knowledge, and testified only as to the conclusions drawn by them from an examination of the books of their respective houses.   The register kept by the defendants in their office was properly admitted.   It was proper to admit proof of what the custom of the defendant was as to the receipt of cotton for shipment.   If the plaintiff delivered the cotton in the generally recognized manner which had been acquiesced in by the company, such delivery was good.   It was incumbent on the plaintiff to sustain by proof all the material allegations of his declaration, and one of these is that the defendant failed to deliver the cotton at the place to which it was consigned. The general test is, that where the absence of an allegation would render a declaration demurrable, then the allegation must be proved as averred unless its truth be admitted by the plea of the defendant.   In cases of this character, slight proof of non-delivery is sufficient to put the burden of showing delivery on the defendant, but there must be some proof by the plaintiff.   It is not sufficient that the plaintiff has shown that four bales of cotton marked "A. F. P." (as was his cotton) were delivered by the defendant to another consignee, as the property of another consignor, for *non constat* that this was a proper delivery, and that plaintiff's cotton was also properly delivered.

*Judgment reversed.*