Illinois Central Railroad Company v. Butterfield
Lumber Company.

[49 South. 179.]

Evidence. *Account books.* ' *Preliminary proof.*

> In a suit against a railroad company for alleged overcharges of
> freights on lumber shipped by the plaintiff, a book, in which it
> is claimed a servant of the plaintiff recorded the weights of the
> lumber at the time of the shipments, is not admissible in evi-
> dence, unaccompanied by a showing that the entries therein were
> correctly made.

From the circuit court of Lincoln county.

Hon. Moyse H. Wilkinson, Judge.

The lumber company, appellee, was plaintiff in the court be-
low; the railroad company, appellant, was defendant there.
From a judgment in plaintiff's favor defendant appealed to the
supreme court. The suit was for alleged overcharges of freights
made by defendant on shipments of lumber received from and
transported for the plaintiff. The other facts are sufficiently
stated in the opinion of the court.

*Mayes & Longstreet,* for appellant.

*J. A. Naul* and *J. W. Cassedy,* for appellee.

Fletcher, J., delivered the opinion of the court.

The judgment obtained by appellee depends in some degree
upon the correctness of the book in which the weights of the
lumber were recorded by appellee's weightmaster, one Stillwell.
On the trial, however, although this book was introduced in evi-
dence and used by the witnesses as a basis of computation, the
weightmaster was not introduced to show that the book was cor-
rectly kept, nor was there any evidence produced which would
tend to show that the entries were accurate. Indeed, it was

stated by the appellee that the weightmaster was in California, and no effort was made to have his deposition taken. While this court has no disposition to be over-technical in regard to the admissibility of books as evidence, yet such evidence cannot be received without competent proof of their correctness. *Railroad Co. v. Provine,* 61 Miss. 288. It was error for the court to permit the introduction of this proof.

Since the judgment must be reversed on this ground, it is not essential to the decision that anything else be said. However, we here express grave doubt as to the admissibility of the estimates testified to by Butterfield. It may be, however, that the appellee can strengthen his case on another trial, so as to show with reasonable certainty that the weights which the railroad company has made the basis of its charges are in fact incorrect. On the record here presented that fact is not very satisfactorily proved.

*Reversed and remanded.*