Davis *v.* Universal C. I. T. Credit Corporation

No. 40220          October 8, 1956          89 So. 2d 851

*Philip Mansour,* Greenville, for appellant.

*Wynn, Hafter, Lake* & *Tindall,* Greenville, for appellee.

ROBERDS, P. J.

On March 31, 1952, Davis Motors, Inc., domiciled in Memphis, Tennessee, sold to Walter L. Davis, the appellant, also then a resident of Memphis, a 1951 Willys Station Wagon automobile for the price of $1,696.04. No cash was paid. The purchase price was evidenced by eleven notes for $50 each, payable monthly, and one note for $1,146.04 payable twelve months after date. The sale contract retained title in the seller until the purchase price should be paid. The contract was purchased by and assigned and delivered to Universal C. I. T. Credit Corporation,—plaintiff below and appellee here. Hereinafter we will refer to appellee as C. I. T. or C. I. T. Corporation.

Davis, after making some of the monthly payments, defaulted in such payments in 1953. About June 1953, under some mutual arrangement between Davis and the

CIT Corporation, the car was placed in storage in Memphis. It there remained about one year. Then Davis and CIT had a mutual understanding under which Davis was to pay the storage and also make monthly payments to CIT Corporation on the balance of the purchase price. CIT says the monthly payments were to be $200. Davis claims that no specific amounts were agreed upon. Davis did pay the storage company $200 on June 25, 1954, and the car was delivered to Davis. Davis paid CIT $200 June 26, 1954; $100 on July 28, 1954, and $200 on September 21, 1954. He defaulted on the rest of the monthly payments. He was requested to either make the payments or deliver up possession of the automobile. He failed to do either.

On February 4, 1955, CIT Corporation instituted in the County Court of Washington County, Mississippi, this replevin action to recover possession of the automobile under its retained title, to which county Davis appears to have moved and carried the car. The amount of the unpaid purchase price was then $1,196.04. The CIT Corporation executed a replevin bond and took possession of the vehicle.

After introduction of testimony before a jury the learned trial judge in the county court sustained a motion of Davis for a peremptory instruction awarding Davis possession of the automobile, or, in default of delivery of possession, awarding a personal judgment against CIT Corporation in the sum of $750, as the value of the car, assessing CIT with all costs. Judgment was entered accordingly. From that action CIT appealed to the Circuit Court of Washington County.

That court set aside the judgment rendered by the county court in favor of Davis, pursuant to the directed verdict, and ordered that the case be tried anew in the circuit court. A trial was had, resulting in a jury verdict in favor of the CIT Corporation. From this action of

the circuit judge and from the jury verdict and judgment for CIT Corporation, Davis appeals to this Court.

The contention made by appellant on this appeal is that the oral agreement had between Davis and CIT when the automobile was gotten out of storage superseded the retained title contract and that, therefore, CIT Corporation had no right to possession of the car; that, at most, it only had a purchase money lien—not a retained title. Presumably that was the conclusion of the county judge, although the reason for the action does not appear in the court proceedings. Davis did not set up this contention by any plea but he did give some testimony bearing upon it, as shown hereinafter.

We are of the opinion that the county trial judge was in error in granting a directed verdict for Davis and the circuit judge was correct in setting aside the judgment entered pursuant to such direction. The testimony of Davis, as it bears upon his contention that CIT orally agreed to release and relinquish its retained title as security for purchase price of the car, is vague and indefinite. He never said that there was any such express agreement to that effect. His testimony on that was more in the nature of a conclusion than a statement of fact under oath. Indeed, his testimony as to future payments was extremely vague and uncertain. In one place he said CIT agreed for him to take the car out of storage "and pay as I could." Again he said CIT agreed for him to "* * * pay for it as I wanted to * * *". He repeated his understanding was "I would pay it off as I could." He further testified "I said he told me I could take the car out of storage—there was no new contract and there was an agreement between us that I would pay it off as I could." Appellee was in the business of lending money on retained title contracts. It had in its possession the car in question. No reason whatever is shown why it would voluntarily relinquish its security for the debt owing it. It did not surrender the title re-

tained contract. Davis never demanded such surrender. Davis gave no notice by pleading in the county court that he was going to contend that the retained title of appellee had been relinquished. And on the trial in the circuit court he not only did not make that contention by plea, he offered no testimony to that effect. He did not testify.

The most that could be concluded from the testimony of Davis in the county court is that he and CIT made a new arrangement as to the amounts and dates of future payments on the title retained contract. In Sussman, Wormser & Company v. Seafood Company, 127 Miss. 420, 90 So. 116, this Court approved this quotation, taken from Bacon v. Cobb, 45 Ill. 47: " 'It would be a strange law, indeed, if the defendants were allowed to say that, inasmuch as you gave us further time in which to perform our contracts, and we did not comply, you have no right to an action against us on our original contract.' 2 Mecham on Sales, Sections 807, 1151, and authorities cited and digested in the notes; and Roberts v. Benjamin, 124 U. S. 64, 8 Sup. Ct. 393, 31 L. Ed. 334." If we be incorrect as to the foregoing conclusion, then it certainly was a question for the jury, under the testimony, to say whether appellee did release and relinquish its title retained contract—not a situation justifying a peremptory instruction that it did do so.

■■ ■ But, aside from the foregoing question, it was error to grant Davis a directed verdict for the reason that the testimony as to the value of the automobile was in conflict. It ranged from $475 to $750. Apparently the car sold for $500 between the time it was seized in this replevin action and the trial of the case. The directed verdict awarded personal judgment against appellee for $750 on the assumption that that was the proven value of the car. Under the conflicting testimony the value of the car was a question for the jury.

Appellant does not claim there was error in the trial in the circuit court, in which there was a jury verdict for

appellee, other than he says the circuit judge should not have set aside the judgment entered in the county court pursuant to the peremptory instruction there granted Davis.

Affirmed.

*Hall, Lee, Holmes* and *Ethridge, JJ.,* concur.