RAINS *v.* THORP FINANCE CORPORATION

No. 43015 June 8, 1964 165 So. 2d 151

*Smith & O'Hare,* Cleveland; *Townsend & Welch,* Drew, for appellant.

322

*Semmes Luckett, Howard G. Woodward, Charles L. Brocato,* Clarksdale, for appellee.

PATTERSON, J.

This is an appeal from the Circuit Court of Sunflower County, Mississippi, wherein the trial court, at the conclusion of the evidence instructed the jury to find for the plaintiff. It involves a conditional sales contract, assignment, repossession, sale and deficiency judgment.

On October 28, 1959, A. Z. Rains, appellant, purchased one SR 144 Cockshutt Combine from Hudson Service & Implement Company, Inc., of Cleveland, Mississippi, for the purchase price of $9,800, with time sales price

of $12,227.80. This conditional sales contract was endorsed in blank by Hudson Service & Implement Company, Inc., John Hudson, president of such corporation. Thorp Finance Corporation, appellee, now alleges ownership thereof by assignment from Hudson Service & Implement Company, Inc. Rains made one payment on the contract of $989.80, to Hudson Service & Implement Company, Inc., on March 2, 1960, for which his account was credited. He made no further payments in accordance with this contract and the Combine was repossessed in January 1962 by the appellee. It was sold at public auction on March 13, 1962, for the sum of $875. Thereafter suit was filed against A. Z. Rains and a deficiency judgment was obtained in the sum of $7,331.65, plus attorneys' fees in the amount of $1,249.48. This appeal is prosecuted from such judgment.

The appellant assigns as error the following: (1) Under plea of general issue, defendant could introduce evidence of lack of ownership of conditional sales contract in account sued on by plaintiff; (2) there was no notice of the sale of this property; (3) appellee was obligated to conduct the sale so that appellant's rights would be protected, and (4) the court below erred in admitting the ledger card indicating appellant's unpaid balance under the conditional sales contract.

This suit is founded on written instruments, specifically a conditional sales contract and an alleged assignment thereof, both being attached to the declaration as exhibits. This exhibit indicates the assignment by John A. Hudson, president of Hudson Service & Implement, Inc., of the contract to be in blank. The defendant below denied the assignment of this contract to the plaintiff, and thus denied any obligation to it in any sum whatsoever. This answer and denial was not under oath, and raises the question as to whether the defendant could offer evidence to the effect that the plaintiff was not the legal holder of the contract by

non-assignment. Since the case must be reversed and remanded for other reasons, we do not pass upon this question as doubtless this will be eliminated by corrected pleadings as to non-assignment under oath, as well as the question of payment which will signify to plaintiff without question his burden of proving ownership of the contract by competent evidence.

We are of the opinion that assignments of error No. 2, the property sold at public sale without notice, and No. 3, appellee was obligated to conduct the sale so that appellant's rights would be protected, are well taken and require a reversal of the case.

 █ Under the terms of the contract, appellee had, after repossession, the option of selling the property at either a private or public sale. In this instance a public sale was made, and in either event, public or private sale, it is well settled that both the conditional vendor and his assignee owe the duty to the conditional vendee, the original purchaser, to deal justly with his equitable rights and to use diligence to obtain the best price available for the property in making such a sale. Dearborn Motors Credit Corp. v. Hinton, 221 Miss. 643, 74 So. 2d 739; Ford, etc. v. Commercial Securities Co., Inc., 223 Miss. 736, 79 So. 2d 253; Platt Lincoln-Mercury, Inc. v. Swink, 236 Miss. 407, 110 So. 2d 374. Though these cases deal with private sales, we see no logical reason why the rule therein announced should not also apply to public sales. █ Appellee, having elected to sell at public sale, was obligated to conduct the sale according to recognized procedure, which includes notice. Although our State has not adopted the Uniform Conditional Sales Act, the cases decided in regard to it are persuasive here. In the case of Bulldog Concrete Form Sales Corp. v. Taylor, 195 F. 2d 417, 49 A.L.R. 2d 1, the Court said:

"While the Act provides no particular form of notice, the notice should, of course, give a sufficient de-

scription of the property to inform prospective bidders in a general way whether or not the property is anything in which they might be interested.''

And prior to the Uniform Conditional Sales Act, the Tennessee Court, in Kirby v. Thurmon (1927), 49 A.L.R. 2d 43, said: ''The property to be sold should also be described in sufficient detail to attract purchasers who might be interested.''

 The property here was sold at a well advertised public sale of farm equipment, however, it was not listed or described in the notices or advertisements thereof. The original purchaser had no notice of the sale, indeed, had he perused the advertisement no notice could have been gleaned therefrom as the combine was simply not described therein.

The brand name, model, condition, etc., of large pieces of equipment of this nature are the attributes which stir the interest of a prospective purchaser and draw him to the sale. In the absence of notice we cannot say the seller, as was his duty, has dealt justly in accord with recognized procedure of public sales with the conditional purchaser's equitable rights. The lack of notice doubtless contributed to the inadequate sales price hereinafter mentioned.

The sales price of the Combine was $9,800. It was sold less than three years later for $875. This machine was used very little, having cut only 20 acres in 1960, and only 35 or 40 acres in 1961, and, without contradiction, it was in good working condition when repossessed. The testimony of an experienced implement dealer reflects this machine to have been worth $7,800 at the time of repossession. In Federal Credit Co. v. Boleware, 163 Miss. 830, 142 So. 1, the Court said: ''In the absence of irregularity in the manner of conducting the public sale provided for in the contract, mere inadequacy of price will not operate to set the sale aside, unless it is so gross as to furnish evidence of fraud, and there

must be an inequality so strong, gross, and manifest that it must be impossible to state it to a man of common sense without producing an exclamation at the inequality of it.''

■■ ■ The sales price of $875 in the face of the uncontradicted testimony is so low as to shock the conscience. The directed verdict awarded a judgment to the plaintiff on the assumption the sales price of $875 was the value of the combine. The court erred in this regard. The disparity between the value of the combine and its sales price created a question of fact as to value to be determined by the jury. In Davis v. Universal C.I.T. Credit Corp., 228 Miss. 674, 89 So. 2d 851, this Court stated: ''But, aside from the foregoing question, it was error to grant Davis a directed verdict for the reason that the testimony as to the value of the automobile was in conflict. It ranged from $475 to $750. Apparently the car sold for $500 between the time it was seized in this replevin action and the trial of the case. The directed verdict awarded personal judgment against appellee for $750 on the assumption that that was the proven value of the car. Under the conflicting testimony the value of the car was a question for the jury.''

■■ ■ The appellee was permitted to introduce evidence of the unpaid balance due on this machine by referring to the ledger card, which was not shown to have been a record of original entry. Neither were all entries on the ledger card made under the supervision of the appellee's witness. This was error, as it violates the best evidence rule. There was no competent proof of the ledger's correctness. Chicago Railroad Co. v. Provine, 61 Miss. 288. See also 27 A.L.R. 1439, which states the general rule as follows:

''The doctrine is supported by many cases, that book entries not made by one who has personal knowledge of the transactions, but based upon memoranda or data

furnished by others, are not admissible in evidence, without verification by the one furnishing the data and having personal knowledge of the transactions on which it is based, since otherwise the entries, even though made in the regular course of business and as a part of the duties of the entrant, are not the best evidence, but are in the nature of hearsay.''

We hold, therefore, the granting of the peremptory instruction for the plaintiff was error and the cause should be reversed and remanded for a new trial.

Reversed and remanded.

*Lee, C. J., and Ethridge, Gillespie and Brady, JJ.,* concur.