BRYANT *v.* ASSOCIATES DISCOUNT CORPORATION

No. 43349　　　September 28, 1964　　　167 So. 2d 657

(1)

*S. E. Allen, Jr.,* Hazlehurst; *Pyles & Tucker,* Jackson, for appellant-movee.

*Overstreet, Kuykendall, Perry & Phillips,* Jackson, for appellee-movant.

### ON APPELLEE'S MOTIONS TO DOCKET AND DISMISS APPEAL, AND TO STRIKE COURT REPORTER'S NOTES

ETHRIDGE, J.

The Chancery Court of Copiah County found appellant, Creel O. Bryant, guilty of civil contempt of court, for the wrongful removal of fixtures in custody of the court. Upon his failure to return them, the court held that appellee, Associates Discount Corporation, the owner, had been damaged $3500 by their removal. Bryant

was fined that amount to be paid appellee for the damages sustained by it.

Appellee's motion to dismiss the appeal asserts that Bryant's appeal bond of $300 is insufficient and improper. It was filed well within the 90 days after rendition of the decree. Miss. Code 1942, Rec., § 753. It is claimed that the bond should have been made under Code section 1162, pertaining to civil cases without supersedeas, and requiring a $500 bond payable to the opposite party; that this is a civil contempt case, and governed by this statute.

However, Code section 1152 is an act which specifically applies to bonds in appeals from judgments for contempt:

"A person ordered by any tribunal, . . . to be punished for a contempt, may appeal to the court to which other cases are appealable from said tribunal, and may supersede any fine imposed, by the execution of a bond, payable to the state, with two sufficient sureties, to be approved by the tribunal appealed from, in a penalty to be fixed by said tribunal, not exceeding three hundred dollars, conditioned to pay the fine and costs, in case of affirmance in whole or in part; . . . ."

On the other hand, sections 1162 and 1163 deal with appeal bonds generally in civil cases. The specific rather than the general statute governs here. Bryant's appeal from the judgment of civil contempt was based properly on section 1152. Its reference to a person "punished for a contempt" does not limit its application to criminal contempt. Moreover, the statute is designed to protect a person convicted of any kind of contempt, by fixing specific amounts for his appeal and appearance bonds, and by giving this court a broader than usual review of the decision of the trial court. Ballew v. Case, 232 Miss. 183, 98 So. 2d 451 (1957). Hence the appeal was properly taken under section 1152.

■■ ■ The next question is as to the sufficiency of the bond. Upon the clerk declining to approve the sureties, Bryant deposited $300 in cash with him. Appellee argues this amount is insufficient, because the accrued court costs, not including those in this court, are $775.

In general appeals of civil cases without supersedeas, section 1162 gives the clerk or any party to a suit the right to ask the trial court to increase the amount of a bond for costs, where they will exceed $500. It does not apply in this instance. Section 1152, in the same chapter of the Code, contains no such provision. On the contrary, it states that the appeal bond shall not exceed $300. At common law there was no right of appeal from a conviction of contempt of court. Watson v. Williams, 36 Miss. 331 (1858); Nutt v. State, 95 Miss. 422, 49 So. 145 (1909); 2 Am. Jur., Appeal and Error, § 118. The statute alone defines the terms and conditions of an appeal from a judgment of contempt. It was designed to assure to a person found in contempt of court a review on a feasible basis. Since the act provides the maximum amount of the appeal bond, without any provision for an increase, the $300 obligation, in compliance with it, is sufficient.

The trial court's decree was entered and the term ended on May 14, 1964. Appellant's notice to the court reporter to transcribe her notes was dated May 27, and was received by her on May 28. Code section 1640 provides that the reporter shall be notified within ten days after adjournment of court. Since the notice was given thirteen days after the adjournment, it was too late.

■■ ■ Appellant asserts he is excused from failing to comply with this requirement, because in June 1962 he was adjudicated non compos mentis. Parenthetically, he was released from the hospital in August 1962. The chancellor found that since then he engaged in routine business, fully knew what he was doing at the time

he removed the fixtures, and had sufficient mental capacity to understand the nature and consequences of his acts. Appellant claims that, since he had been found non compos mentis, he is entitled to have tolled the ten day period of section 1640. He refers to Code section 753, fixing ninety days after rendition of judgment as the time within which to take an appeal. That statute saves to persons for whom a guardian ad litem has been appointed a period of two years after rendition of judgment. In the instant case, the chancery court had appointed a guardian ad litem for Bryant, and he was represented by an attorney.

There is no savings clause in favor of persons under disability in section 1640, requiring notice to the court reporter. Neither section 1640 nor 753 refers to the other. The general rule is that, unless a statute of limitations contains a savings clause, relief from its provisions on account of disability will not be granted. Exceptions are strictly construed. 34 Am. Jur., Limitation of Actions, §§ 201, 192; 54 C.J.S., Limitation of Actions, §§ 216, 242. Nor can the savings in section 753 be read into section 1640, pertaining to notice to court reporter. The legislature provided none in this instance. Since the notice to the court reporter was given too late, appellee's motion to strike the court reporter's transcript is sustained.

Appellee's motion to docket and dismiss appeal overruled; appellee's motion to strike the court reporter's notes sustained.

All Justices concur, except Patterson, J., who was absent.