McCoy *v.* Jackson Roofing and Sheet Metal Company, et al.

No. 43232          November 9, 1964          168 So. 2d 524

*Watkins & Eager, Shelby R. Rogers,* Jackson, for movant.

*Pyles & Tucker,* Jackson, for movee.

Lee, C. J.

### ON APPELLEES' MOTION TO DISMISS

Lee, C. J.:

The record discloses that the Circuit Court of the First Judicial District of Hinds County, on November

13, 1963, affirmed the final order of the Workmen's Compensation Commission, dated March 5, 1963, from which action this appeal arose.

Subsequently, on December 2, 1963, the circuit court entered another order, of like effect, affirming the action of the Commission.

On February 12, 1964, McCoy filed his appeal bond, which was approved the next day.

In substance, the record shows that the two like judgements of affirmance were entered by the court on the two separate dates above mentioned. The first judgment was final. The record does not show in the second judgment any basis upon which the court attempted to revise the first judgment, if, it in fact, had any purpose or power to do so. When the second judgment was entered, it was, of course, to the same effect as the first one.

Manifestly the first judgment must govern, and the second judgment was a nullity.

This brings into view the point for decision: Did McCoy perfect his appeal within the required time? Mississippi Code Annotated section 753 (1956) required such appeals to be taken "within ninety (90) days next after the rendition of the judgment or decree complained of, and not after, * * *." Davidson v. Hunsicker, 224 Miss. 203, 79 So. 2d 839 (1955), and subsequently followed in the later decisions. Cf. Shepard's Miss. Cit. A counting of the number of days between November 13, 1963 and February 12, 1964, shows that the bond was not filed within the time required by the statute.

Besides, the record also shows that, after the bond was filed and the transcript was made up, it contained the two final judgments in the case, as heretofore stated. The trial judge, when apprised of this fact by the clerk, ordered the record to be delayed. After a motion to strike had been filed by the Jackson Roofing & Sheet Metal Company and the New Amsterdam Casualty Com-

pany and due notice had been given to all parties, counsel on both sides appeared and the court heard the matter. On March 26, 1964, the judge found that the judgment of December 2, 1963, was an administrative error, ordered it to be stricken, and that the subsequent proceedings, touching on that matter, should be included in the transcript of the record on appeal to the Supreme Court. Mississippi Code Annotated section 1670 (1942), seems to authorize the correction of such errors. Cf. the cases annotated thereunder. It follows therefore that the appellees' motion to dismiss should be, and it is, sustained.

Motion to dismiss sustained.

All Justices concur.