.PATTERSON, Justice:
This is an appeal from two judgments of the Circuit Court of the First Judicial District of Hinds County affirming a judgment of the County Court in an action to enforce an alleged purchase money lien commenced in the Justice of the Peace Court for the Fifth Supervisor’s District of said county. Plaintiff-appellee is Whiteway Finance Company, Inc., assignee of the contract. The defendants-appellants, Bennie Earl Larry and Charlene W. Larry, are alleged purchasers of certain encyclopedias and other books.
Appellants assign as error that the lower court rendered two separate judgments against them in the same action. Moreover, they urge that the sale of the books by appellee for $50 evidences a lack of good faith on the part of appellee as it was under a duty to use diligence in obtaining the best available price in such sale. Other errors are assigned relative to various procedural irregularities in the courts below, including the order of the county court reinstating the cause after the default judgment had been set aside and the cause dismissed without prejudice at an earlier term of court. Finally, appellants contend that the contract is invalid because it was represented to them as a mere authorization for the National Education Foundation to deliver certain encyclopedias and other books for inspection and approval to appellants as prospective purchasers only.
Appellee, Whiteway Finance Company, commenced an action against appellants in the justice of the peace court where a writ of summons and seizure was issued to enforce a purchase money lien against certain books allegedly sold to defendants under an installment contract. The writ summoned appellants to appear before the county court on February 10, 1964, where all matters of record in connection with the proceedings had been filed by the justice of the peace February 6, 1964.
On February 25, 1964, appellants filed their answer in the county court, although at that time no declaration had been filed by appellee. On March 13, 1964, during the following term of court, appellee filed its declaration and the county court rendered judgment by default against appellants in the sum of $405.
On July 14, 1964, appellee obtained a writ of garnishment against Standard Stationers, Inc., employers of appellant. On July 17, 1964, appellants secured an order of the county court dismissing the garnishment proceedings, setting aside the judgment of March 13, 1964, and dismissing the cause without prejudice. On February 15, 1965, however, appellee obtained an order of the county court reinstating the case because the judgment had been set aside without notice to appellee.
On September 15, 1965, judgment was rendered against appellants in the sum of $274, that is, credit was given for the $50 realized on the sale of the property by ap-pellee pursuant to the first judgment. The appellants here participated in this trial without raising any of the discrepancies or errors, if any there were, in the former proceedings. The judgment recited “that the judgment of March 13, 1964, was entered in error by the court and the cause proceeded to trial on its merits on this day.” Appellants appealed to the circuit court where, on November 30, 1966, the county court judgment of October 15, 1965, in the sum of $274, was affirmed.
On December 15, 1966, a second judgment making no reference to the judgment of November 30, 1966, was rendered by the circuit court in the sum of $405 plus interest from March 13, 1964, the date of the first judgment of the county court.
We find no merit in the assignments of error relative to alleged procedural ir *483 regularities in the court below. If it were error for the county court to reinstate the cause after having dismissed it without prejudice at an earlier term, appellants waived any objection by joining issue and proceeding to trial on the merits. Other alleged irregularities, if they constituted error, were similarly waived by appellants or were harmless.
Nor do we think that the lower court erred in finding the contract valid and binding despite appellants’ contention that the contract was misrepresented to them and that they believed it to be merely an authorization for the National Education Foundation to deliver certain encyclopedias and other books for inspection and approval to appellants as prospective purchasers. This issue was determined by the court from conflicting evidence and since the cause was tried by the court sitting without a jury, we cannot say that the trial judge was manifestly wrong in this determination.
The second judgment, rendered on December IS, 1966, is obviously the result of a clerical or ministerial error and so is null and void. McCoy v. Jackson Roofing & Sheet Metal Co., 250 Miss. 883, 168 So.2d 524 (1964). However, the first judgment which was affirmed by the circuit court on November 30, 1966, is valid and must stand.
We are impressed with appellants’ contention that appellee’s private sale of these books for $50 constituted a breach of its duty to deal justly with appellants’ equitable rights and to use diligence to obtain the best price available. See Rains v. Thorp Finance Corp., 250 Miss. 320, 165 So.2d 151 (1964) and authorities cited therein. However, appellants neither raised nor adduced proof on this issue in the lower court; and we do not feel that there is sufficient evidence in the record upon the value of the books to justify such a finding.
The judgment of the county court on October 15, 1965, in the sum of $274, affirmed by the circuit court on November 30, 1966, is affirmed. The judgment of the circuit court on December 15, 1966, in the sum of $405, is a nullity and is hereby reversed.
Affirmed in part; reversed in part.
ETHRIDGE, C. J., and RODGERS, BRADY, and SMITH, JJ., concur.