RODGERS, Justice:
This cause originated in the Circuit Court of Franklin County, Mississippi. The ap-pellee, McPhail Oldsmobile, Inc., a Missis *492 sippi corporation, sought to recover judgment against the appellant, Johnny Ward, for the balance due on an automobile retained title contract, after the vehicle had been repossessed and sold, and the sale price had been credited against the amount due.
Defendant, appellant here, answered and contended that the truck had been wrongfully taken from his property without notice. He said that he found the truck on appellee’s used car lot, but he was out of work and made no effort to recover it. He alleged affirmatively that the truck was worth more than the sum due by him to the appellee. He then made his answer a counterclaim, and sued affirmatively for punitive damages in the sum of $2,500 for the wrongful taking of the truck. The plaintiff demurred to the affirmative answer, and an answer was also filed to the counterclaim for punitive damages.
The only issue in this case requiring a written opinion is the contention that the plaintiff did not have notice of the sale of the truck.
The truck was repossessed by the Commercial Credit Corporation when the appellant failed to make a monthly payment due under the sale contract. The contract provided that the holder of the contract could retake the truck by going on the property of the maker. The contract also provided that the holder of the contract could sell the truck at public or private sale. The Commercial Credit Corporation delivered the truck to McPhail Oldsmobile, Inc., and reassigned the contract to it. The appellee proceeded to advertise the sale of the truck by placing three notices in public places in Adams County, and in due course the truck was sold at the west door of the courthouse in Adams County. The appellee offered the only bid and became the purchaser for the sum of $1000. This sum was duly credited on the appellant’s contract.
The appellee’s attorney testified that he had mailed a registered letter to the appellant, enclosing a copy of the notice of sale, but that this letter was returned marked “Refused.” The appellant denies having received the letter.
We are of the opinion, however, that it was not necessary for the notice to be mailed to the appellant. The contract provided that when default was made in the payments and the automobile was repossessed, “Seller (could) may sell the vehicle at private or public sale (at which Seller may be the purchaser), in accordance with the laws of the State where such sale is made.”
The truck was repossessed by the finance corporation in Franklin County, Mississippi, at the residence of the defendant, and was returned by it to the seller, appellee, in Adams County, where the original contract of sale was made. The public sale of the vehicle was made in Adams County. The notice of sale of the truck was made in accordance with section 891, Mississippi Code 1942 Annotated (1956), which provides that:
“If a deed of trust or mortgage, with a power of sale, be silent as to the place and terms of sale and mode of advertising, a sale may be made after condition broken, for cash, upon such notice, and at such time and place as is required for sheriff’s sale of like property. But all such sales shall be made in the county where the land is located, or in the county of the residence of the grantor or one of the grantors, * *
Section 1923, Mississippi Code 1942 Annotated (1956), providing for the sale of property under execution by the sheriff, is in the following words:
“All sales by any sheriff by virtue of an execution or other process, when not issued by a justice of the peace, shall be made at the courthouse of the county; but personal property too cumbersome *493 to be removed, may be sold at the place where the same may be, or at any convenient place; and cattle, sheep, or stock, other than horses and mules, may be sold at any public place in the neighborhood of the defendant’s residence.”
Section 1926, Mississippi Code 1942 Annotated (1956), is in the following words:
“Sales of personalty may be made on any day except Sunday, and shall be advertised ten days before the day of sale by posting notices of the time, terms, and place of sale in three public places in the county, one of which shall be at the courthouse.”
The appellant contends that since Mc-Phail Oldsmobile, Inc. purchased the truck for $1000 at the foreclosure sale and later sold it to another for more than was due on the installment contract, appellant was treated unjustly and should not be required to pay the balance due on the contract. Appellant offered evidence to show that the truck was of a greater value than the amount due the appellant. The appellee contended that the truck was repainted and had new tires placed on it before the sale. Part of this was admitted by appellant.
We have carefully considered the evidence in this case, and we believe that adequate notice was given of the foreclosure sale. The rule as to notice in the case of Rains v. Thorp Finance Corporation, 250 Miss. 320, 165 So.2d 151 (1964), does not apply to the facts here shown. On the other hand — the rule from Federal Credit Company v. Boleware, 163 Miss. 830, 142 So. 1 (1932), quoted in Rains, does apply. This rule is stated as follows:
“In the absence of irregularity in the manner of conducting the public sale provided for in the contract, mere inadequacy of price will not operate to set the sale aside, unless it is so gross as to furnish evidence of fraud, and there must be an inequality so strong, gross, and manifest that it must be impossible to state it to a man of common sense without producing an exclamation at the inequality of it." (163 Miss, at 835, 142 So. at 2)
We are of the opinion that the seller of the automobile, under the terms of the retained title contract, had a right to sell the repossessed automobile at public sale, either in the county where the contract was made and where the automobile was returned to the seller by the finance company, or in the county of the residence of the purchaser. Posted notices of the time and place of sale were in accord with the requirements of Section 1926, Mississippi Code 1942 Annotated (1956). Since the contract provided that the seller could purchase the automobile at public sale, we are of the opinion that the sale was valid.
We find no error in the record of the trial of this case, and for that reason we are of the opinion that the judgment of the trial court should be affirmed.
Affirmed.
ETHRIDGE, C. J., §nd PATTERSON, SMITH and ROBERTSON, TT-, concur.