ETHRIDGE, Chief Justice.
This is a suit by Consolidated Underwriters, plaintiff-appellant, against J. Cliff Thomas, Sr., and J. Cliff Thomas, Jr., defendants-appellees, on a sworn open account, seeking a judgment for insurance premiums alleged to be due on workmen’s compensation and fleet liability insurance policies for a period of approximately three years. These policies, issued by complainant, were based on a retrospective rating plan, by which the ultimate rate of premium is determined on the basis of loss ratios and other considerations developed during the policy periods. Defendants filed counteraffidavits, denying liability for the premiums, pleading payment, and particularizing certain objections. Miss.Code 1942 Ann. §§ 1469, 1754 (1956). Although there is some question as to the sufficiency of the amended itemized account, plaintiff was permitted by the Circuit Court of Co-piah County to offer evidence on it. Nor is it necessary, in view of the disposition of this case, to examine the question of whether Thomas, Sr., was a partner with Thomas, Jr., in the Thomas Trucking Company, and whether this was a jury issue, rather than one of law.
The trial court properly submitted to the jury on conflicting evidence the issue of whether Thomas, Jr., was liable for any additional workmen’s compensation insurance premiums. The jury found in the negative, and the evidence was adequate to support that finding.
Plaintiff offered as its witness Charles W. Hayes, its state agent, to authenticate the insurer’s claim for premiums on the fleet liability policies. He had not prepared the document on which he based his testimony, and stated candidly that he was unable to verify it. Although he had copies of the insurance policies, he did not know the various changes and credits given insured. Hayes admitted that he could not state whether the information shown on the document was correct or not. It was not prepared by him or under his supervision. Accordingly, the circuit court correctly sustained defendants’ objections to his testimony concerning defendants’ liability on the fleet liability policies. There was no adequate verification of the correctness of the tendered document and of *557 Hayes’ testimony concerning liability on the liability policies. This evidence was properly excluded, and the circuit court correctly gave a directed verdict for defendants on that issue. Rains v. Thorp Finance Corp., 250 Miss. 320, 327, 165 So.2d 151, 153 (1964); Chicago, St. L. & N. O. R. R. Co. v. Provine, 61 Miss. 288 (1883).
Affirmed.
RODGERS, BRADY, HARPER, JJ., concur. INZER and