279 So.2d 618 (1973)
STATE of Mississippi
v.
Ben L. RIDINGER.
No. 47415.
Supreme Court of Mississippi.
June 12, 1973.
Marcus D. Gordon, Dist. Atty., Gordon, Henry & Mangum, Union, for appellant.
Roebuck & Monroe, George S. Monroe, II, Newton, for appellee.
RODGERS, Presiding Justice.
The appellee Ben L. Ridinger filed a petition for a writ of habeas corpus in the Circuit Court of Newton County, Mississippi, in which he alleges that he was convicted of the crime of assault and battery with intent to kill and murder; that he was sentenced to serve a term of ten (10) years in the state penitentiary at the August term of 1972; that he requested his privately employed attorney to perfect an appeal and to obtain a bond for his release; that his attorney refused to perfect this appeal; and that petitioner did not have funds to employ another attorney, and being ignorant of the law, he did not know when the time had passed to notify the court reporter to transcribe her notes nor when the time had passed to perfect an appeal; and that under the 14th Amendment to the Constitution of the United States, he was entitled to due process of law and to the right of an appeal. The Superintendent of the State Penitentiary answered, and admitted that he held the prisoner by authority of a sentence of the Circuit Court of Newton County. He denied *619 that the prisoner was entitled to relief and denied that the petitioner was entitled to pursue an appeal by a writ of habeas corpus.
The circuit judge issued the writ and upon a hearing granted an appeal and fixed his appearance bond at five thousand dollars ($5,000.00). He directed the court reporter to transcribe the notes of the original trial, and the Clerk of the Circuit Court was ordered to prepare the record and file it with the Clerk of the Supreme Court.
On the hearing in the habeas corpus court, petitioner offered several witnesses who testified that they went to the office of petitioner's original attorney and requested him to perfect an appeal at the request of the petitioner, but that his original attorney refused to perfect the appeal. On the other hand, the Sheriff of Newton County testified that after the petitioner was convicted, he told him, "Well, I'll just go on up there and get it over with."
The trial judge in his opinion said that the only question was whether or not, under the facts in this case, the defendant could now appeal to the Supreme Court and be released on bond pending his appeal. He held that he could appeal and fixed his appearance bond at five thousand dollars ($5,000.00). The district attorney has appealed by authority of Section 1149, Mississippi Code 1942 Annotated (1956).
We hold that the trial judge in the habeas corpus proceeding was in error, and we reverse the order for the following reasons. A habeas corpus proceeding cannot be used to effect an appeal to this Court.
A habeas corpus proceeding is entirely a separate proceeding from the proceeding in the chancery, circuit, county, or the Supreme Court, and is listed under the "Special Actions" section of the Mississippi Code, Title 12. Although a supreme court judge, a circuit court judge, a chancellor, or a county judge [Section 1609, Miss.Code 1942 Ann. (1956)] may issue the writ, it will be heard by a judge and not a court. Section 2818, Mississippi Code 1942 Annotated (1956); Talley v. Womack, 249 Miss. 773, 163 So.2d 742 (1964); Allred v. State, 187 So.2d 28 (Miss. 1966).
A judge in a habeas corpus proceeding has no authority to modify, change, add to or set aside proceedings in another court, although the judge in the habeas corpus proceeding is the same judge who acted in the court where the order sought to be modified or changed by the habeas corpus proceeding was entered or proceedings were had. Allred v. State, 187 So.2d 28 (Miss. 1966); 25 Am.Jur. Habeas Corpus § 55, at 184 (1940).
A habeas corpus proceeding has but one purpose, that is to set at liberty persons illegally held, by entering an order discharging the prisoner, granting bail, or for the purpose of delivering a child to the rightful custody of persons who are properly entitled to the care and custody of the child. Sections 2815 and 2831, Mississippi Code 1942 Annotated (1956); Smith v. State, 155 So.2d 494 (Miss. 1963).
Moreover, a habeas corpus writ will not issue to release a person convicted of an offense; nor any person suffering imprisonment under lawful judgment. Section 2816, as amended by Ch. 365, § 1 [1966] Miss.Gen.Laws 666. See also Allred v. State, 187 So.2d 28 (Miss. 1966); Smith v. State, 155 So.2d 494 (Miss. 1963); Rogers v. Jones, 240 Miss. 610, 128 So.2d 547 (1961).
A habeas corpus proceeding may not perform the function of an appeal unless the original judgment sentence was void. Jackson v. Waller, 248 Miss. 166, 156 So.2d 594 (1963); McLemore v. Love, 197 Miss. 273, 19 So.2d 828 (1944); Kelly v. Douglas, 164 Miss. 153, 144 So. 237 (1932); 25 Am.Jur. Habeas Corpus § 26, at 159 (1940).
The appellee, Ben L. Ridinger, argues, however, that even if the petition for habeas *620 corpus in this case were the wrong procedure; nevertheless, he had a right of appeal and that this Court has heretofore treated a petition for habeas corpus as an application for a writ of error coram nobis. Therefore, he argues that we should hold in this case that the instant petition is a petition for error coram nobis and grant the petitioner an appeal. He cites Lang v. State, 230 Miss. 147, 92 So.2d 670 (1957) on the proposition that a simple motion to correct judgment is sufficient. He also cites Allred v. State, 187 So.2d 28 (Miss. 1966) wherein the trial judge obviously treated the petition for a habeas corpus writ as a petition for a writ of error coram nobis and granted a new trial; but in that case, as well as the many cases cited in Allred, we emphasized that habeas corpus is not a post conviction remedy in this state.
If, on the other hand, we considered the petition in this case to be a petition for error coram nobis, neither this Court nor the trial judge had authority to grant an extension of time in which to perfect an appeal.
One convicted of crime has a right to appeal to the Supreme Court. Section 1150, Mississippi Code 1942 Annotated (1956). This right, however, is not a common law right, but is strictly a statutory right, and an appeal must be perfected in the manner provided by statute. Cooper v. State, 175 Miss. 718, 168 So. 53 (1936).
Section 753, Mississippi Code 1942 Annotated (1956) is in the following language:
"Appeals to the supreme court shall be taken within ninety (90) days next after the rendition of the judgment or decree complained of, and not after, saving to persons under a disability of infancy or unsoundness of mind the like period after the disability shall have been removed. However, in cases where the appellant infant or person of unsound mind was a plaintiff or complainant, and in cases where such a person was a party defendant and there had been appointed for him or her a guardian ad litem, appeals to the supreme court shall be taken within two (2) years after the rendition of such judgment or decree, and not after.
All laws or parts of laws in conflict with the provisions of this act are hereby repealed to the extent of such conflict only." § 753, Miss.Code 1942 Ann. (1956).
This section has been amended recently to reduce the time for an appeal. Ch. 459, § 1, [1972] Miss.Gen.Laws 581 [Section 753, Miss.Code 1942 Ann. (Supp. 1972)]. The amendment indicates that the Legislature intends for appeals to the Supreme Court to be perfected within a shorter time than was in effect at the time the petitioner could have appealed.
This Court has consistently held for a period of many years that unless an appeal is perfected within the time allowed by Section 753, supra, the appeal would be dismissed. National Distillers Products Co. v. City of Jackson, 227 So.2d 477 (Miss. 1969); Windom v. State, 192 So.2d 689 (Miss. 1966); Bryant v. Associates Discount Corporation, 251 Miss. 1, 167 So.2d 657 (1964); McCoy v. Jackson Roofing and Sheet Metal Co., 250 Miss. 883, 168 So.2d 524 (1964); Mississippi State Highway Commission v. Brown, 250 Miss. 773, 162 So.2d 508 (1964); Shirley v. Stevens, 237 Miss. 254, 114 So.2d 661 (1959).
In the case of Butler v. Craig, 27 Miss. (5 Cush.) 628 (1854), as early as 1854 this Court held that an appeal could not be had after the time for an appeal had expired. The appellant had done all required of him, but the clerk had failed to issue the writ of error. This Court had the following comment on this subject:
"But it has long been the settled doctrine of this court, that no equitable exceptions are to be engrafted upon the statutes of limitation, and that where there is not an express exception the court *621 cannot create one. Robertson v. Alford, 13 S. & M. 510. Here the statute is positive and imperative, `that no writ of error shall issue unless within three years from the rendition of the judgment or decree sought to be reversed.' Hutch. 931. It is impossible for this court to allow the equitable exception contended for, without virtually adding to the statute, `unless the clerk shall within the time prescribed fail or refuse to issue the writ, the plaintiff having complied with the provisions of the statute;' which, of course, this court has no more power to do by construction than by express enactment." 27 Miss. at 629.
In Bryant v. Associates Discount Corporation, 251 Miss. 1, 167 So.2d 657 (1964), an appeal had been made within the time allowed by Section 753, Mississippi Code 1942 Annotated (1956), but notice to the court reporter had not been made within the ten days allowed in Section 1640, as amended. The appellant contended that he had been adjudicated a non compos mentis and, therefore, he should be permitted to toll the statute as to the time to give notice under the terms of Section 753. This Court said, however, that there was no savings clause in Section 1640 [notice to court reporter] in favor of persons under disability. The Court then said:
"The general rule is that, unless a statute of limitations contains a savings clause, relief from its provisions on account of disability will not be granted. Exceptions are strictly construed. 34 Am.Jur. Limitations of Actions, §§ 201, 192; 54 C.J.S. Limitations of Actions §§ 216, 242. Nor can the savings in section 753 be read into section 1640, pertaining to notice to court reporter. The legislature provided none in this instance. Since the notice to the court reporter was given too late, appellee's motion to strike the court reporter's transcript is sustained." 251 Miss. at 11, 167 So.2d at 659-660.
It is generally recognized throughout the United States that a trial judge may not permit, even in an indirect manner, an extension of time for taking an appeal to the Supreme Court. Annot., 149 A.L.R. 740 (1944); Annot., 89 A.L.R. 941 (1934); 4 Am.Jur.2d Appeal and Error §§ 292 & 293, at 782 & 783 (1962); 3 Am.Jur. Appeal and Error §§ 417 & 418, at 139-142 (1936).
The order of the trial judge in the habeas corpus proceedings permitting an appeal from the circuit court to the Supreme Court and granting the petitioner's bond is hereby reversed, and the petitioner is remanded to the custody of the Superintendent of the Mississippi State Penitentiary to serve the sentence imposed by the circuit court.
Reversed and rendered.
PATTERSON, INZER, ROBERTSON and WALKER, JJ., concur.