PATTERSON, Justice:
This appeal arises from a judgment of the Circuit Court of Grenada County denying a petition entitled “Motion to Vacate Judgment in the Nature of a Petition for Writ of Error Coram Nobis”, but which permitted an appeal to this Court from a judgment on July 28, 1972, upon a conviction for burglary.
During the course of the hearing on the petition the record of the original trial was introduced into evidence without objection and is now filed in the clerk’s office of this Court. The assignments of error by Nabors relate to the original trial and his brief is in support thereof.
The state’s brief is not responsive to the assignments of error nor the argument of Nabors, but rather is directed to the propriety of the trial court in granting this appeal. The state relies particularly upon Section 753, Mississippi Code 1942 Annotated (1956), as well as State v. Ridinger, 279 So.2d 618 (Miss.1973), for its argument that the bond for appeal was not timely made and hence the appeal was improperly granted. The record on the petition for writ of error coram nobis reflects that Nabors was twenty years of age at the time of the hearing. The saving clause of Section 753, Mississippi Code 1942 Annotated (1956), which was then in effect, permitted the appeal granted by the trial judge. This section is in part as follows:
Appeals to the supreme court shall be taken within ninety (90) days next after the rendition of the judgment or decree complained of, and not after, saving to persons under a disability of infancy or unsoundness of mind the like period after the disability shall have been removed. (Emphasis added.)
In view of this legislative enactment we do not reach the argument advanced under Ridinger, supra.
The assignments of error and the brief of the appellant relating to the original trial, being presently filed, the Court is of the opinion that the state should file its reply brief within the time designated by the rules of the Court with appropriate time for a rebuttal brief, if desired, to be filed thereafter.
Affirmed with directions.
All Justices concur.